## Frisina, Appellant, *v.* Stanley.

Argued October 4, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*F. Joseph Thomas,* for appellant.

*J. Perry Eckels,* with him *Eckels, Stegner & Blystone,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 13, 1962:

Plaintiff brought this action in trespass against Elsie Stanley and Albert Allegretti, a partnership, trading and doing business under the name of Town Tavern, and Albert Allegretti, individually, alleging, inter alia, that Allegretti, the bar man, committed an assault and battery upon the plaintiff by throwing, dragging, pushing or shoving him through a doorway of the tavern in such a manner as to cause him to fall down and be injured. The jury returned a verdict for plaintiff in the amount of $5,000 against Allegretti individually. The lower Court awarded a new trial saying ". . . in the interests of justice, we believe that a new trial should be granted for the reason that the verdict was against the weight of the evidence."

Allegretti testified, and he was corroborated by two witnesses, that after plaintiff became abusive he or-

dered him to leave the place; that he remained back of the bar; and that he never pushed or shoved or touched the plaintiff. After plaintiff left, the next thing Allegretti knew he heard plaintiff yell, went outside and found plaintiff lying in front of the premises yelling that his leg was hurt.

Moreover, immediately after the accident, plaintiff told several people that he was injured when he stumbled out of the doorway. He also made a statement under oath that he had fallen in defendant's premises. John Feleppa testified that plaintiff offered him $200 to testify in his favor as well as to buy clothing for Feleppa's children.

". . . '[w]here a trial Judge or Court sees and hears the witnesses, it has not only an inherent fundamental and salutary power, but it is its duty, to grant a new trial when it believes the verdict was capricious or was against the weight of the evidence and resulted in a miscarriage of justice [citing numerous recent cases] . . .

" 'Moreover, in such circumstances, namely, where the jury's verdict is capricious or against the weight of the evidence or results in a miscarriage of justice, it should not be allowed to stand, no matter how many new trials must be granted in the interest of justice: [citing numerous cases] . . .

" 'We will not reverse the grant of a new trial unless (1) there was a clear abuse of discretion or (2) an error of law which controlled the outcome of the case, . . . [citing numerous recent cases] :' Segriff v. Johnston, 402 Pa. 109, 114, 166 A. 2d 496." *Bohner v. Eastern Express, Inc.*, 405 Pa. 463, 471-472, 175 A. 2d 864. Accord: *F. C. Haab Co., Inc. v. Peltz Street Terminals, Inc.*, 407 Pa. 276, 180 A. 2d 35.

In *Burd v. Pennsylvania Railroad Company*, 401 Pa. 284, 164 A. 2d 324, the Court said (page 292) : ". . . In Bellettiere v. Philadelphia, 367 Pa. 638, 643,

81 A. 2d 857, we said: ' "One of the least assailable grounds for the exercise of such power [to grant a new trial] is the trial court's conclusion that the verdict was against the weight of the evidence and that the interests of justice therefore require that a new trial be awarded . . ." ' " Accord: *Hershey v. Pittsburgh & West Virginia Railway Company*, 366 Pa. 158, 76 A. 2d 379; *Lenik Condemnation Case*, 404 Pa. 257, 172 A. 2d 316.

We do not consider it necessary to further discuss the evidence; it will suffice to say that the grant of a new trial was not only justified, it would seem to have been imperative.

Order affirmed.

Mr. Justice MUSMANNO dissents.