Feltovich *v.* Sharon, Appellant.

Argued September 28, 1962. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and KEIM, JJ.

*Philip E. Brockway,* with him *Brockway & Brockway,* for appellant.

*Donald R. McKay,* with him *Martin E. Cusick,* and *Wiesen, Cusick, Madden, Joyce, Acker and McKay,* for appellees.

OPINION BY MR. JUSTICE KEIM, November 28, 1962:

This is an appeal from the order of the Court of Common Pleas of Mercer County. The said court

granted the plaintiffs-appellees' motion for a new trial on the basis that the verdict was against the weight of the evidence.

The pertinent facts in this trespass action which are relevant to this appeal are as follows: The accident out of which this action arose occurred on October 20, 1958 at an intersection in the City of Sharon, Mercer County, Pennsylvania. The two vehicles involved were stopped for a red light, one behind the other and both were faced slightly uphill in the same direction. The first vehicle was a truck owned by the City of Sharon and operated by one of its employes, Ernest Iannelli. Immediately behind this truck was an automobile owned by John Feltovich, one of the plaintiffs, and operated by his wife, Mary Feltovich, the other plaintiff. While the vehicles were in a stopped position, the driver of the truck received a call on a two-way radio in the truck. During the ensuing conversation the driver released the foot brake causing the truck to drift back into the Feltovich automobile.

This collision caused $32.85 damage to the automobile and Mrs. Feltovich alleged that the impact threw her forward against the steering wheel. Mrs. Feltovich was four months pregnant at the time. The testimony reveals that the prospective mother was seriously upset over the accident, however, this incident had no apparent adverse effect on the birth of the child. Mrs. Feltovich also alleges injury to her back which was finally diagnosed as a herniated disc. Some of the medical testimony implies that this serious spinal injury may have been caused by childbirth rather than the accident.

This trespass action was instituted to recover for Mrs. Feltovich's personal injuries and the property damage incurred to Mr. Feltovich's automobile. The jury returned a verdict for the defendant, thereupon the plaintiffs filed a motion for a new trial which

was allowed by the lower court on the grounds that the verdict was against the weight of the evidence.

The verdict for the defendant and against John Feltovich, as well as Mary Feltovich, indicates that the jury found the defendant to be free of negligence. John Feltovich could not have been contributorily negligent. Therefore, even if the jury did find contributory negligence on the part of the plaintiff, Mary Feltovich, they should have at least found a verdict for the damage to the automobile. The failure to find negligence on the part of the defendant was a shock to the trial judge's sense of justice. This is obvious from the following quotations taken from the trial judge's charge: "In this case, the defendant, as the Court views the testimony and the statements of the defendant's counsel, has agreed with the plaintiff that they were negligent in allowing their car or truck to drift back into the automobile of the plaintiffs. That rather effectively removes the problem which you would ordinarily have in determining whether there was liability in this case. If you have any doubts on that matter, you will resolve them, but as the Court understands them, and you are not bound by the Court's understanding of it, the liability in this case has been admitted. . . . The defendant's counsel has agreed that the plaintiff should be compensated for the car damages, and that leaves that rather small matter without any problem for you. There remains, however, the major problem, and how do you twelve members of this jury make that determination?"

The truck driver, himself, testified to his own negligence. On direct examination, Ernest Iannelli stated: "A. I was on detail to open up a street, and my truck was equipped with two-way radio. While I was on the way, the police station gave me a call to delay the detail, and I was stopped at the red light during that time. As I was hearing under the radio, my foot

released the foot brake a little, and the truck went back a couple feet. So I heard a horn blowing behind the truck. I put the brake on, and I got out of the truck. I said: What happened? She said: Your truck is against my car and squeeze my stomach. Then the cops came over and took over. That's all."

The position of this court in reviewing the lower court's granting of a new trial has been clearly and precisely recited by the late Chief Justice MAXEY in the case of *Jones v. Williams*, 358 Pa. 559, 564, 58 A. 2d 57 (1948) : "While this Court usually supports the action of the trial court in granting or refusing a new trial we do not entirely abdicate our reviewing functions in such cases. This Court, too, has the duty to determine from the record whether or not the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative so that right may be given another opportunity to prevail."

The reluctance of this Court to upset the lower court's determination in granting a new trial was expressed by the late Justice BOK in the case of *Lenik Condemnation Case*, 404 Pa. 257, 259, 172 A. 2d 316 (1961) : "One of the least assailable reasons for granting a new trial is the lower court's conviction that the verdict was against the weight of the evidence and that new process was dictated by the interests of justice. With reasons for this action given or appearing in the record, only a palpable abuse of discretion will cause us to overturn the court's action: . . ."

It is our opinion that the lower court, in granting a new trial, did not commit an abuse of discretion, palpable or otherwise. Under the circumstances, the lower court did exactly what justice requires. In fact this case comes within the duty as defined in a recent opinion by Chief Justice BELL: *Frisina v. Stanley*, 409 Pa. 5, 185 A. 2d 580.

" '. . . "[w]here a trial Judge or Court sees and hears the witnesses, it has not only an inherent fundamental and salutary power, but it is its duty, to grant a new trial when it believes the verdict was capricious or was against the weight of the evidence and resulted in a miscarriage of justice . . ." ' "

We do not intend to speculate as to why the negligence of the truck driver was not determined by the jury. It is sufficient to say that the entire record indicates that it should have been found. The jury was confused and decided against the weight of the evidence or they intentionally decided against the weight of the evidence. In either case a new trial should be granted.

Order affirmed.