Nehrebecki *v.* Mull, Appellant.

Argued October 3, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas L. Anderson,* for appellant.

*Paul N. Barna,* with him *Paul N. Barna, Jr.,* and *Barna and Barna,* for appellees.

OPINION BY MR. JUSTICE EAGEN, November 12, 1963:

This is a personal injury and property damage action arising out of an automobile collision. The jury specifically found that the defendant was not guilty of negligence and returned a verdict in his favor. The court en banc below granted a new trial ruling that the verdict was "capricious and against the weight of the evidence and resulted in a miscarriage of justice." The defendant appeals.

We have repeatedly said that we will not reverse the grant of a new trial, unless there was a clear abuse of discretion, or an error of law which controlled the outcome of the case: *Segriff v. Johnston,* 402 Pa. 109, 166 A. 2d 496 (1960); *Bohner v. Eastern Express, Inc.,* 405 Pa. 463, 175 A. 2d 864 (1961); *Feltovich v. Sharon,* 409 Pa. 314, 186 A. 2d 247 (1962).

As stated in *Lenik Condemnation Case,* 404 Pa. 257, 172 A. 2d 316 (1961), at 259: "One of the least assailable reasons for granting a new trial is the lower court's conviction that the verdict was against the weight of the evidence and that new process was dictated by the interests of justice. With reasons for this action given or appearing in the record, only a palpable abuse of

discretion will cause us to overturn the court's action." In determining whether or not the grant of a new trial constituted an abuse of discretion, it is our duty to review the entire record: *Jones v. Williams*, 358 Pa. 559, 58 A. 2d 57 (1948); *Evans v. Otis Elevator Co.*, 403 Pa. 13, 168 A. 2d 573 (1961); *Feltovich v. Sharon*, supra.

The collision involved occurred at the right-angled intersection of Routes 88 and 837 in Carroll Township, Washington County. The wife-plaintiff, Kathryn Nehrebecki, was driving her husband's automobile in a westerly direction on Route 837. As the plaintiff's automobile approached the intersection, she slowed down and came to a complete stop at the eastern edge of the improved portion of Route 88. Her view to the right was partially obstructed and limited to approximately 100 feet because the rear-end of a gasoline truck, stopped at a gas filling station located on the northeasterly corner of the intersection, was protruding out onto the pavement of Route 88. After looking to her right and left, and being satisfied that no traffic was coming in either direction, she proceeded to cross the roadway. At that moment, the gasoline truck commenced to move backwards, further out onto Route 88, and proceeded to a point where it covered about one-third of the improved portion of that roadway. Before crossing the center line of Route 88, the wife-plaintiff again looked to her right and left and saw no cars within her view. When the front of the automobile she was operating had reached the edge of the westerly or opposite side of Route 88, she first saw the defendant's automobile coming south (to her right) on Route 88 about two car lengths away. The defendant's car did not reduce its speed, turn to the right or left, but continued straight ahead and struck plaintiff's automobile at the right-hand front door. The wife-plaintiff and her twelve year old daughter, who was a passenger

in the automobile, were injured. There was testimony that after the collision the defendant said he was going too fast and couldn't stop.

The defendant testified that as he proceeded south on Route 88, he could see the intersection and the gasoline truck from a distance of 400 feet away. Before reaching the truck, he slowed down to a speed of 15 miles an hour to permit an automobile traveling in the opposite direction to go around the truck and pass. He then accelerated his speed to about 30 miles an hour. He stated that he did not see the plaintiff's automobile until it had come to a stop directly in front of his automobile, and only one car length away; that as he approached and passed the truck, his view was temporarily obscured; *that he did not look to his right or left for other cars when he passed the truck and entered the intersection.* He was specifically asked if he paid any attention to traffic approaching the intersection on Route 837 and replied, "If I paid attention to every intersection that I came to, I am afraid I would be in more accidents than I am now."

It is thus patently clear that the jury's conclusion that the defendant was free of any causative negligence is not supported by the record. At an intersection, a driver of an automobile is required to be vigilant and to look to his right and left for approaching traffic before entering thereon: *Katz v. Montague,* 380 Pa. 273, 110 A. 2d 178 (1955); *Ratcliff v. Myers,* 382 Pa. 196, 113 A. 2d 558 (1955); *Eisert v. Jones,* 408 Pa. 73, 182 A. 2d 717 (1962). This is particularly true in this case in view of the fact that immediately before the defendant reached the intersection, his view thereof was obstructed by the truck.

The defendant's admission that he did not look for approaching traffic before entering the intersection, in itself convicted him of negligence. The jury's findings excused the wife-plaintiff from contributory neg-

442

ligence. The husband-plaintiff, owner of the automobile, was not present and could not be charged with responsibility. The minor plaintiff exercised no control over the operation of the vehicle.

The court properly ordered a retrial.

Order affirmed.