Opinion by
 

 "Wright, J.,
 

 In the early evening of January 14, 1959, at the intersection of Penn and Negley'Avenues in the City of Pittsburgh, there was a collision between motor vehicles of Nicholas E. Pupich and James Bock. Pupich was driving east on Penn, and in process of making a left turn into Negley. Bock was driving west on Penn. Passengers in Pupich’s vehicle were his wife Genevieve, his daughter' Geraldine Shoop, ánd her husband Francis Shoop. As a result of the collision, two trespass actions were instituted against Bock in the Court of Common Pleas of Allegheny County, one by Genevieve and Nicholas Pupich, the other by Geraldine and Francis Shoop. In the Pupich action the claims were severed and the husband was joined as an additional defendant in the wife’s claim. Pupich was also joined as an additional defendant in the Shoop suit. The actions were consolidated for trial before Judge Frederic G. Weir and a jury. At the close of the testimony the trial judge directed verdicts in favor of the additional defendant. The jury returned verdicts in favor of the original defendant. The court en banc granted new trials as to both defendants. These appeals by the additional defendant followed.
 

 The intersection in question is controlled by a signal light which, at the. time of the collision, had just turned from red to green for traffic on Penn Avenue, Pupich had stopped for the red light. He testified that, after the light changed, he proceeded to turn left within the intersection and that Bock did not yield the right-of-way. Bock had also stopped for the .red light. He testified that, after the light changed, his attention was attracted by a vehicle to his left which was turning south into Negley, and that he did not see the Pupich vehicle until the instant before the collision: The reason assigned by the court en banc for granting new trials to the plaintiffs was “that defend
 
 *385
 
 ant’s liability is apparent on Ms own testimony”. In directing that the cases should be re-tried against the additional defendant, as well as the original defendant, the court below stated that “it is possible, even though unlikely, that another witness will be found whose testimony would alter the facts on liability”.
 

 Appellant’s sole contention is that, in view of the directed verdicts in his favor, there was an abuse of discretion in the grant of new trials against him as additional defendant. He asserts that “neither the plaintiffs nor the defendant at any time requested or argued that new trials should be granted as to the additional defendant”. So far as the defendant is concerned, the obvious answer is that any error in the direction by the trial judge of verdicts in favor of Pupich, as additional defendant, was cured by the jury’s verdicts in favor of Bock, and the latter had no occasion to ask for new trials. The real issue on these appeals is raised by appellant’s argument that the only reason assigned for the grant of the new trials as to the additional defendant “is manifestly insufficient and inadequate”.
 

 -It has been repeatedly stated that the grant of a new trial will not be reversed on appeal unless there was a clear abuse of discretion or an error of law which controlled the outcome of the case:
 
 Nehrebecki v. Mull,
 
 412 Pa. 438, 194 A. 2d 890. Ordinarily the grant of a new trial means a new trial generally, and restores the case to its original status to be tried de novo as to all parties and all issues:
 
 Mains v. Moore,
 
 189 Pa. Superior Ct. 430, 150 A. 2d 549. Our examination of the opinion below leads us to the conclusion that, as to the additional defendant, new trials were not granted solely because of the possibility of the discovery of another witness on the question of liability. There is sufficient intimation in the record of possible negligence on the part of Pupich to cause the court en banc to doubt, as
 
 *386
 
 did at least one of the jurors, whether the trial judge properly directed verdicts in his favor. The considerable burden upon motorists making left turns has recently been emphasized by our legislature. See Act of August 27, 1963, P. L. 1231. The cases cited in appellant’s brief
 
 [1]
 
 are not controlling. Procedural problems will be presented if the actions are re-tried without the additional defendant, and prejudice to the original defendant will result.
 

 In brief, it is our view that the court en banc did not err in concluding that the interests of justice required that new trials be granted as to all parties. We perceive no abuse of discretion.
 

 Orders affirmed.
 

 Woodside, J., dissents.
 

 [1]
 

 Fornelli v. Pa. R. R. Co.,
 
 309 Pa. 365, 164 A. 54;
 
 Lorenz v. Caste Development Co.,
 
 368 Pa. 131, 81 A. 2d 887;
 
 Sternberg v. Dixon,
 
 411 Pa. 543, 192 A. 2d 359;
 
 Brogan v. Philadelphia,
 
 346 Pa. 208, 29 A. 2d 671;
 
 Fritz v. York Motor Express Co.,
 
 358 Pa. 398, 401, 58 A. 2d 12.