813 A.2d 698

Charles ARMBRUSTER and Barbara Armbruster, Appellants,

v.

David HOROWITZ, DDS, Individually and Trading
as Northeastern Pennsylvania Implant
General Dentistry, Appellee.

Supreme Court of Pennsylvania.

Argued Dec. 5, 2000.

Decided Dec. 31, 2002.

1

2

Frederick J. Fanelli, James J. Riley, Pottsville, for Charles Armbruster.

Sudhir Raman Patel, Pottsville, Norman David Namey, Kingston, for David Horowitz.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

Justice CASTILLE.

The issue in this appeal is whether an appellate court may review a properly preserved weight of the evidence claim

where the judge who presided over the trial resigned from the bench without ruling on the claim. For the following reasons, we hold that this circumstance is an exception to the general rule that an appellate court may not review a weight of the evidence claim in the first instance, and that the Superior Court properly denied appellants' weight claim on the merits. Accordingly, we affirm the Superior Court order, which affirmed the judgment in favor of appellee.

Appellants brought the instant negligence action in January of 1995, alleging that appellee's insertion of dental implants in Charles Armbruster's mouth and subsequent course of treatment deviated from acceptable dental practices. The matter proceeded to a week-long jury trial before the Honorable James M. Munley, of the Court of Common Pleas of Lackawanna County. On November 20, 1997, the jury returned a verdict finding that appellee was negligent, but that his negligence was not a substantial factor in bringing about Mr. Armbruster's harm.

On December 1, 1997, appellants filed a post-trial motion, arguing at some length that the jury verdict was against the weight of the evidence. Within that motion, appellants also requested transcription of the trial testimony of appellant Charles Armbruster, appellee, and two other witnesses. On December 9, 1997, Judge Munley entered an order directing the stenographer to transcribe the testimony of those witnesses "to aid the Plaintiff in the preparation of his Brief in Support" of the post-verdict motion. The order further directed that "Plaintiff's brief shall be due two weeks after the transcribed testimony is filed with the Prothonotary and the Defendant shall have two weeks thereafter to file a responsive Brief." In addition, the order stated that argument on post-verdict motions would be scheduled upon the Court's consideration of "plaintiff's formal written request therefore."

On December 10, 1997, appellee objected to the request for transcription, arguing that the testimony of a fifth witness should also be transcribed. By order dated December 16, 1997, Judge Munley granted this request. The docket reflects no further activity until over ten months later, i.e., the ordered

transcript was not filed, the plaintiffs did not request argument, the defendant did not file a responsive pleading to the post-verdict motion, the trial court issued no ruling on the pending motion, and neither party praeciped for entry of judgment under the Rules of Civil Procedure. In late October of 1998, however, there was a flurry of activity; predictably enough, this activity followed upon Judge Munley's resignation from the Common Pleas bench on October 26, 1998, to assume a seat on the U.S. District Court for the Middle District of Pennsylvania.

On October 28, 1998, appellee simultaneously filed two pleadings in the Court of Common Pleas: (1) an answer to Plaintiffs' Motion for Post–Trial Relief in which he requested that post-trial relief be denied; and (2) a praecipe for entry of judgment on the jury verdict pursuant to Pa.R.C.P. 227.4, because more than one hundred and twenty days had elapsed since the filing of appellants' post-trial motion.[1] The trial court prothonotary administratively entered judgment in favor of appellee on the same day. On October 29, 1998, the transcript for two of the days of trial was filed. Appellants then filed a timely appeal to the Superior Court.

On appeal, appellants again alleged that the jury verdict was contrary to the weight of the evidence. A divided panel of the Superior Court denied the claim on the merits. The panel majority noted that it was "aware of the many cases in

1. Pa.R.C.P. 227.4 provides, in pertinent part:

> In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon a praecipe of a party, the prothonotary shall, upon praecipe of a party:
> (1) enter judgment upon the verdict of a jury or the decision of a judge following a trial without jury, or enter the decree nisi as the final decree, if
> . . . .
> (b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred and twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration.
> A Comment to the Rule emphasizes that it "is optional with the parties," as it allows parties either to "move the case along," or, if time is not of the essence or settlement negotiations are continuing, the parties may simply await the decision of the court.

our jurisprudence that hold a review of a weight of the evidence claim is reserved exclusively for the trial court judge who presided over the trial." *Armbruster v. Horowitz*, 744 A.2d 285, 286 (Pa.Super.1999). The court further noted, however, that it had found "no case law supporting that position where the presiding trial court judge had left the bench without ruling on such a post-trial claim." *Id.* The court held that this unusual situation warranted an exception to the general rule that an appellate court may not review a weight of the evidence claim "on a 'cold' record." "In these exceptional circumstances," the panel majority reasoned, "the interests of justice require that the weight of the evidence claim be reviewed by the appellate tribunal rather than vacating the judgment and remanding for a new trial." *Id.* at 287. The court explained that:

> [t]here are a host of reasons why a judge may not be available to review a weight of the evidence claim. To require a new trial in each of those cases would be a disservice to the litigants and an unnecessary burden on the judicial process.

*Id.* Turning to the merits of appellants' weight claim, the court noted that the jury found that appellee's negligence did not cause Charles Armbruster's injuries. The court further noted that appellee had presented evidence that those injuries were caused by Armbruster's own poor oral hygiene. Since there was adequate support for the defense theory obviously accepted by the jury, the panel majority concluded, the verdict did not "shock the conscience" and relief was unwarranted.

The late former President Judge Cirillo dissented. Citing to *Commonwealth v. Brown*, 538 Pa. 410, 648 A.2d 1177 (1994) and *Commonwealth v. Tapper*, 450 Pa.Super. 220, 675 A.2d 740 (1996), the dissent argued that an appellate court cannot address a weight of the evidence issue based upon witness credibility in the first instance. "Rather, the issue must first be considered by the judge who presided over the present case—that being Judge Munley." *Id.* at 289, 675 A.2d 740. The appellate court's role in such circumstances is limited to reviewing the trial court's exercise of discretion as to the

claim. *Id.* Because Judge Munley was no longer sitting on the Court of Common Pleas, the dissent would have automatically vacated the judgment and remanded for a new trial.

■ This Court granted review to determine the proper role of an appellate court in reviewing a preserved weight of the evidence claim where the trial judge did not pass on the question and is no longer available to pass on it. Since this is a purely legal question, our review is plenary. *See, e.g., Wagner v. Wagner,* 564 Pa. 448, 768 A.2d 1112, 1116 n. 2 (2001).

■ Appellants argue that it has long been the law in this Commonwealth that the roles of a trial judge and an appellate tribunal are distinct with respect to a challenge to the weight of the evidence. This is so because the question of evidentiary weight is uniquely suited to the trial court function, while an appellate court sits only in review of the trial court's exercise of discretion in ruling on the claim. While they acknowledge that the Superior Court has, in certain instances, addressed post-trial claims where the trial court failed to rule on the claims and/or did not file an opinion pursuant to Pa.R.A.P. 1925(a),[2] appellants note that these precedents do not involve claims that the jury's verdict was against the weight of the evidence and that they are therefore distinguishable. Finally, appellants argue that the Superior Court's concerns that remand for a new trial would be a disservice to the parties and burdensome to the judicial process do not warrant the court's departure from our precedent recognizing the respective roles of the trial and appellate courts. They contend that "it is far better that [this Court's] long-standing rules and precedents be followed, even if, in a few rare instances, cases must be retried so as to preserve the roles of our trial courts and the scope of appellate review." Brief for Appellants at 21. Ac-

2. Pa.R.A.P. 1925(a) provides:

Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

8

cordingly, appellants urge this Court to reverse the Superior Court and remand this matter for a new trial.

 Appellee counters that there are any number of reasons that a trial judge may be rendered unavailable to entertain a post-trial motion, including death, illness, retirement, or resignation, and to require a new trial in each of these instances would not serve the interests of justice. In such instances, he argues, equity and judicial economy dictate that the appellate court stand in the shoes of the trial court and rule upon the claim, rather than automatically award a new trial. In addition, appellee notes that the Superior Court has entertained a variety of appeals where a Rule 1925(a) opinion was not filed by the trial court below and thus, as here, was deprived of the trial court's views on often-discretionary issues. Finally, appellee notes that the jury's verdict was entirely consistent with his testimony and that of the defense experts. Since it is well-settled that questions of credibility are solely for the fact-finder, appellee argues, there is no justification for a trial court or an appellate court to second-guess that determination.[3]

 The general rule in this Commonwealth is that a weight of the evidence claim is primarily addressed to the discretion of the judge who actually presided at trial. *See,*

---

3. Appellee also argues that since Pa.R.C.P. 227.4 provides that a judgment entered pursuant thereto "shall be final as to all parties and all issues and shall not be subject to reconsideration," remand for a new trial is not permissible because this would amount to a "reconsideration" of the judgment. We disagree. The language noted by appellee *means only that once judgment has been entered on the docket pursuant* to Rule 227.4, "[r]econsideration [by the trial court] is strictly prohibited and the case is ready in its entirety for the appellate process." *Conte v. Hahnemann Univ. Hosp.*, 707 A.2d 230, 231 (Pa.Super.1998) (per curiam), *appeal denied*, 555 Pa. 731, 725 A.2d 181 (1998). Rule 227.4 in no way circumscribes the power of an appellate court to remand or otherwise dispose of the matter on appeal. *See* 42 Pa.C.S. § 706 ("An appellate court may affirm, modify, vacate, set aside or reverse an order brought before it for review, and may remand the matter *and direct the entry of such appropriate order, or require such* further proceedings to be had as may be just under the circumstances."). Indeed, if appellee's position were correct, a trial court could deprive a party of its right to appeal certain issues through inaction.

*e.g., Commonwealth v. Widmer,* 560 Pa. 308, 744 A.2d 745, 751–52 (2000); *Brown,* 648 A.2d at 1190; *Commonwealth v. Karkaria,* 533 Pa. 412, 625 A.2d 1167, 1170 n. 3 (1993); *Commonwealth v. Nelson,* 514 Pa. 262, 523 A.2d 728, 733 n. 3 (1987); *Thompson v. City of Philadelphia,* 507 Pa. 592, 493 A.2d 669, 672–73 (1985); *Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203, 1206 (1982); *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545, 549 (1976).[4] There is, of course, some tension between the power of trial courts to overturn jury verdicts premised upon weight claims, and the bedrock principle that questions of credibility are exclusively for the fact-finder. *See, e.g., Commonwealth v. Simmons,* 541 Pa. 211, 662 A.2d 621, 630 (1995) ("[A] witness's credibility is solely for the jury to determine."); *Commonwealth v. Davis,* 518 Pa. 77, 541 A.2d 315, 317 (1988) ("As the phenomenon of lying is within the ordinary capacity of jurors to assess, the question of a witness's credibility is reserved exclusively for the jury."). Accordingly, the authority of the trial judge to upset a verdict premised upon a weight claim is narrowly circumscribed. A trial judge cannot grant a new trial "because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion." *Brown,* 648 A.2d at 1189, quoting *Thompson,* 493 A.2d at 672. Instead, a new trial should be granted only in truly extraordinary circumstances, *i.e.,* "when the jury's verdict is *so contrary to the evidence as to shock one's sense of justice*

4. The cases cited by appellee in which our intermediate appellate courts have reached the merits of post-trial claims even though the trial court failed to file a Rule 1925(a) opinion are not strictly on point; as appellants note, none involved review of claims arguably requiring the trial court's assessment of credibility, such as the instant claim that the jury verdict was against the weight of the evidence. *See Perkins v. Desipio,* 736 A.2d 608 (Pa.Super.1999) (sole issue presented for determination was whether dentist must obtain informed consent of patient prior to performing root canal); *Gibbs v. Herman,* 714 A.2d 432, 435–36 (Pa.Super.1998) (sole issue on appeal was whether testimony was admitted in violation of 42 Pa.C.S. § 5930); *Duquesne Light Co. v. Woodland Hills Sch. Dist.,* 700 A.2d 1038, 1045 (Pa.Cmwlth.1997) (weight of evidence claim not one of eleven issues raised on appeal); *Commonwealth v. Wood,* 432 Pa.Super. 183, 637 A.2d 1335, 1342 (1994) (raising, *inter alia,* sufficiency of evidence claim but not weight issue).

*and the award of a new trial is imperative so that right may be given another opportunity to prevail."* *Id.* (emphasis original).

This Court also consistently recognized that, while an appellate court may review whether the trial court abused its discretion in deciding a weight claim, its role is not to consider the underlying question in the first instance. *Id.* at 1191. Appellate review is generally cabined in this regard because of the "disparity in vantage points" between trial and appellate courts:

> An appellate court by its nature stands on a different plane than that of a trial court. Whereas a trial court's decision to grant or deny a new trial is aided by an on-the-scene evaluation of the evidence, an appellate court's review rests solely upon the cold record.

*Thompson,* 493 A.2d at 672–73. Thus, as we explained in *Brown,* "[w]hile there may be some legitimacy for a trial court, who . . . has also observed the witnesses as they testified, to consider the weight of the evidence, there is surely no justification for an appellate court, relying upon a cold record, to exercise such a function." 648 A.2d at 1190, quoting *Karkaria,* 625 A.2d at 1170 n. 3, quoting *Farquharson,* 354 A.2d at 550. Given the unique nature of the power reposed in the trial court concerning a weight claim, this Court has emphasized on a number of occasions that, "[o]ne of the least assailable reasons for granting [or denying] a new trial is the lower court's conviction that the verdict was [or was not] against the weight of the evidence and that new process was [or was not] dictated by the interests of justice." *Brown,* 648 A.2d at 1189–90, quoting *Thompson,* 493 A.2d at 672, quoting *Nehrebecki v. Mull,* 412 Pa. 438, 194 A.2d 890, 890–91 (1963) (further citations omitted). Accordingly, where the reasons for the trial court's granting or denying a new trial appear in the record, this Court has held that only a palpable abuse of discretion will warrant upsetting that decision on appeal. *Id.*

None of the decisions holding that an appellate court may not review a ruling on a weight claim by considering the evidence itself in the first instance, however, raised the ques-

tion presented here, *i.e.*, whether an appellate court is barred from reviewing such a claim where the judge who presided over the trial never ruled on the claim and is now permanently unavailable to do so. Upon careful consideration of this issue of first impression, we agree with the Superior Court majority that this circumstance warrants an exception to the general rule barring appellate review of weight claims in the first instance.

■ If we were to conclude that an appellate court is totally barred from entertaining a weight claim in the first instance, then, in a situation such as the case *sub judice*, where the actual trial judge is unavailable to rule upon the claim, we would be left to choose between two extreme and unpalatable courses: (1) a rule automatically requiring the grant of a new trial for any properly preserved weight claim; or (2) a rule rendering such claims automatically unavailable to the parties in these instances.[5] The former course would be extremely disruptive to the integrity of verdicts and to the judicial process. As we have noted above, there is some obvious tension between the broad, settled, exclusive role of the fact-finder in assessing credibility and the limited power of trial judges, in narrowly circumscribed circumstances, to overturn those assessments when the judicial conscience is not merely disappointed, or uncomfortable, but "shocked." To automatically **require** a new trial in all instances where the trial judge becomes unavailable to rule upon a post-verdict challenge to the weight of the evidence reverses the presumption that

5. In addition to review by the appellate court and remand for a new trial, a third theoretical option would be remand for consideration of the weight claim by a successor trial judge. A successor trial judge with no prior connection to the case, however, would be in the same position as an appellate judge in ruling on a weight claim; both would be confined to the "cold record" of the trial proceedings in conducting their review. As the Superior Court has noted: "[a] cold record does not become any warmer in the hands of a trial judge who has no prior connection with the case than it does in the hands of an appellate judge." *Commonwealth v. Upshur*, 764 A.2d 69, 73 n. 3 (Pa.Super.2000), *appeal granted*, 566 Pa. 642, 781 A.2d 143(Pa.), *appeal dismissed as improvidently granted*, 566 Pa. 589, 782 A.2d 538 (2001).

credibility is for the fact-finder, makes the extraordinary the ordinary, and wrongly intrudes upon the jury function.[6]

The burden upon the judicial process that would be occasioned by a rule requiring a new trial whenever the trial judge is unavailable to rule upon a post-verdict motion challenging evidentiary weight is no less extreme. Weight of the evidence claims are, of course, common in trial practice and are often articulated by rote and in the sketchiest of terms. *See Brown,* 648 A.2d at 1191 (noting that it is "all too common" in trial practice for litigants to present in post-trial motions a boilerplate challenge to the "sufficiency and weight of the evidence"). Moreover, since there are numerous reasons a trial judge may become unavailable to rule on such a claim—including resignation, illness, death, retirement, appointment to another court and election defeat—a rule requiring new trials on undecided weight claims could lead to scores of retrials every year, unduly burdening our already heavily burdened judiciary. *See Commonwealth v. Geyer,* 546 Pa. 586, 687 A.2d 815, 818 (1996) ("[T]he interests of judicial economy are served by relieving the court system of repetitious litigation of any nature."). To contemplate such an extreme rule, where weight claims already exist only as an extremely narrow exception to the general rule that credibility is exclusively for the fact-finder, and where the claims are often articulable only in boilerplate fashion, might ultimately force the Court to reconsider whether the power should at all be reposed in trial judges.[7]

---

6. To reverse the presumption is particularly inappropriate given that a trial judge has the power to grant a new trial *sua sponte* if he determines that the interests of justice so require. *See Commonwealth v. Powell,* 527 Pa. 288, 590 A.2d 1240, 1242 (1991) ("A trial court has an 'immemor[able] right to grant a new trial, whenever, in its opinion, the justice of the particular case so requires.' ") (quoting *March v. Philadelphia & West Chester Traction Co.,* 285 Pa. 413, 132 A. 355, 356 (1926) (further citations omitted)). Where, as here, a court does not so act, it would be inappropriate in the extreme to automatically require a new trial on weight grounds upon the assumption that the trial judge's conscience was "shocked."

7. In this regard, we note that not all courts indulge the notion that trial courts should be able to upset jury credibility determinations upon

The second extreme course—*i.e.*, a rule that appellate courts cannot pass upon a weight claim in the first instance where the trial judge is unavailable, and thus the claim cannot be pursued on appeal—is not a fair accommodation of the competing interests either. Litigants should not, through no fault of their own, have the arsenal of appellate claims available to them diminished due to factors entirely beyond their control.

Given the obvious deficiencies in either of the extreme courses, we agree with the Superior Court majority below that, where a properly preserved weight of the evidence claim is raised on appeal and the judge who presided at trial failed to rule on the claim and is now permanently unavailable to do so, the claim must be reviewed by the appellate tribunal in the first instance. We are confident in the ability of our appellate courts to apply this exception appropriately, with an eye to the delicate balance that exists between the jury's exclusive role in assessing credibility, and our longstanding recognition of the power in courts to allow justice another opportunity to prevail when a verdict nevertheless shocks the judicial conscience. In this regard, we note that our appellate courts are well-familiar with weight claims. Although appellate review has been confined to an assessment of the trial judge's exercise of discretion, it obviously has been necessary to consider the proper role and contours of the weight of the evidence doctrine, in evaluating that exercise of discretion. This holding exists as an exception to our general rule.

weight grounds. *See Austin v. Ridge*, 435 Pa. 1, 255 A.2d 123, 124–25 (1969). As Justice Pomeroy noted in *Austin:*

> [T]he central problem [is] what freedom does the trial court have to review and set aside a jury verdict where the evidence presented to the jury is legally sufficient to sustain that verdict?

> In delimiting this discretion, our Court has adopted an intermediate position between those states which leave trial courts virtually unfettered and permit the judge to review jury determinations as a thirteenth juror, on the one hand, and those, on the other hand, which restrict the discretion of the trial court to ordering a new trial only where, on the evidence presented to it, a jury could not reasonably have reached its verdict. In hewing to this intermediate path, our Court has adopted the prevailing rule in the federal courts and one which is widely followed in the state courts.

*Id.* (footnotes omitted).

14

■ Having concluded that the Superior Court properly reached the merits of appellants' weight claim, we turn to the question of whether the court correctly denied the claim. Since the Superior Court was in no better position than this Court to review the claim in the first instance, our review is plenary.

■ Appellants concede that appellee "present[ed] the jury with evidence to suggest that Mr. Armbruster's poor hygiene caused his implants to fail." Brief for Appellants at 6. They argue, however, that they are entitled to a new trial because "the substantial weight of the evidence presented to the jury, including the testimony and concessions of both of Dr. Horowitz's experts, supported a finding that Dr. Horowitz's negligence was a substantial factor in causing Mr. Armbruster's implant failures, substantial pain and suffering, and permanent oral disfigurement." *Id.* at 6. We agree with the Superior Court that the verdict here does not shock one's sense of justice.

This case was a prototypical "battle of the experts." Appellants presented the testimony of Dr. Charles Musto and Dr. Anthony Captline, who testified that appellant Charles Armbruster's dental implants failed because appellee negligently placed them into diseased areas of his mouth. Appellee countered with two experts of his own, Drs. Theodore Paladino and Alfred Heller, who testified that Armbruster's poor oral hygiene, as well as his smoking and drinking habits—all facts to which Armbruster admitted—were the true cause of his injuries. Upon hearing the testimony, observing the witnesses' demeanors, and judging their credibility, the jury obviously chose to credit appellee's experts. We cannot conclude that such a choice between two permissible views was so contrary to the weight of the evidence as to shock one's sense of justice. Indeed, had the trial court granted a new trial on such grounds on this record, it would have been an abuse of discretion. Accordingly, we hold that the Superior Court properly denied appellants' weight of the evidence claim.

For the foregoing reasons, we affirm the order of the Superior Court affirming the judgment in favor of appellee.

Former Chief Justice FLAHERTY did not participate in the decision of this case.

Chief Justice ZAPPALA files a dissenting opinion in which Justice NEWMAN joins.

Chief Justice ZAPPALA, dissenting.

I would reverse the order of the Superior Court and remand this matter to the common pleas court for a new trial. I would apply the general rule that an appellate court may not conduct the initial review of a weight of the evidence claim in cases, such as this, where the trial judge is not available to address the claim.

A litigant seeking review of a weight of evidence claim should not be disadvantaged by the absence of the trial judge, a circumstance not within the control of the litigant. When an intermediate appellate court conducts the initial review of the litigant's weight of the evidence claim under such circumstances, the litigant is effectively deprived of his or her right of appellate review. Where the trial judge who presided over the trial is available to dispose of the litigant's weight of evidence claim, the litigant is assured of initial review of the claim as well as the right to appellate review of that claim. Where, as here, the trial judge is not available, the litigant is deprived first of the opportunity for review of the weight of the evidence by the jurist who observed the proceedings, and then is deprived of the right to appellate review of the weight of evidence claim. Such litigants will have to file a petition for allowance of appeal with this Court, which is discretionary rather than automatic.

In balancing the competing interests addressed by the majority, I would strike the balance so that a litigant will receive review of weight of evidence claims initially by a trial judge who has presided over the case and thorough appellate review of the disposition of those claims. This would preserve the distinct roles that the trial courts and appellate courts serve, as we explained in *Thompson v. City of Philadelphia*, 507 Pa. 592, 493 A.2d 669 (1985).

An appellate court by its nature stands on a different plane than a trial court. Whereas a trial court's decision to grant or deny a new trial is aided by an on-the-scene evaluation of the evidence, an appellate court's review rests solely upon a cold record. Because of this disparity in vantage points an appellate court is not empowered to merely substitute its opinion concerning the weight of the evidence for that of the trial judge. Rather our court has consistently held that appellate review of the trial court's grant of a new trial is to focus on whether the trial judge has palpably abused his discretion, as opposed to whether the appellate court can find support in the record for the jury's verdict. In that regard the Superior Court must review a trial court's decision to *grant* a new trial in the same manner as we have required review of the *denial* of a new trial.

In reviewing the entire record to determine the propriety of a new trial, an appellate court must first determine whether the trial judge's reasons and factual basis can be supported. Unless there are facts and inferences of record that disclose a palpable abuse of discretion, the trial judge's reasons should prevail. It is not the place of an appellate court to invade the trial judge's discretion any more than a trial judge may invade the province of a jury, unless both or either have palpably abused their function.

To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must "examine the record and assess the weight of the evidence; not, however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury." Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion.

*Id.* at 672–73 (citations omitted; emphasis supplied).

The separate functions served by the trial court and by the intermediate appellate court when reviewing a weight of the

evidence claim should not be merged, especially where to do so would deprive a litigant of appellate review of the claim. For this reason, I dissent.

Justice NEWMAN joins this dissenting opinion.