J-S70037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF EDWARD STAHL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: EDWARD STAHL | |
| | No. 1764 EDA 2015 |

Appeal from the Decree May 5, 2015
In the Court of Common Pleas of Bucks County
Orphans' Court at No(s): 2014-0707

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 02, 2015**

Edward Stahl appeals from the decree of the Court of Common Pleas of Bucks County, Orphans' Court Division, declaring him to be a totally incapacitated person[1] and appointing Rosalin Karlin, Esquire, as plenary guardian of his person and estate.  Upon review, we remand to the Orphans' Court for the preparation of a Pa.R.A.P. 1925(a) opinion.

On October 15, 2014, the Bucks County Area Agency on Aging ("Agency") filed a petition for adjudication of incapacity and the appointment of a plenary guardian of the person and estate of Edward Stahl.  During the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court has held that an adjudication of incapacity does not deprive an individual of standing to appeal an order affecting his rights and/or property. ***See Estate of Rosengarten***, 871 A.2d 1249, 1256 (Pa. Super. 2005) (holding incapacitated person has standing to appeal order allowing sale of residence).

pendency of the incapacity proceedings, Mr. Stahl was represented by Legal Aid of Southeastern PA. After the incapacity hearing at which the Orphans' Court stated its intention to appoint a guardian, but prior to the entry of a Final Decree, Mr. Stahl sent a letter, addressed to the "Superior Court of Bucks," stating his wish to "appeal the decision made in regards to being declared incapacitated." This document was stamped "received" by the Bucks County Orphans' Court on May 5, the same date the Orphans' Court entered its Final Decree in which Mr. Stahl was adjudicated to be an incapacitated person and Attorney Karlin was appointed guardian. By cover of letter dated May 8, 2015, the Office of the Clerk of the Orphans' Court returned Mr. Stahl's filing to him because he failed to submit the appropriate filing fee. On June 1, 2015, the Orphans' Court accepted Mr. Stahl's letter for filing, treated it as a notice of appeal, and forwarded a copy to the Superior Court Office of Prothonotary.

On June 16, 2015, the court issued an opinion in which it noted that it had "opted not to issue an order pursuant to Pa.R.A.P. 1925(b) directing [Appellant] to file a statement of matters complained of on appeal, upon finding that his letter did not raise issues which required clarification." Trial Court Opinion, 6/16/15, at 2. In the opinion, the court conducted a sufficiency analysis and concluded that the Agency had presented clear and convincing evidence that Mr. Stahl was incapacitated and in need of a plenary guardian.

Subsequenty, Mr. Stahl retained appellate counsel, who filed an appellate brief raising two issues:

> 1. Did the Orphans' Court render a decision against the weight of the evidence when it concluded Appellant was totally incapacitated in the face of equivocal testimony concerning [the] alleged incapacitated person's capacity from a prior doctor, and stronger testimony from the court-appointed doctor who examined Appellant most recently and in more detail and who concluded that Appellant was experiencing only "mild cognitive impairment," that he was alert and capable of understanding his finances and cooperative in taking medication?
>
> 2. Did the Orphans' Court commit legal error by not applying the statutory presumption or preference for partial incapacity over total incapacity and by not considering less restrictive alternatives to plenary guardianship?

Brief of Appellant, at 4.

It is well-settled that:

> [a]ppellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (internal citations omitted). Accordingly, there is a general rule barring appellate review of weight claims in the first instance. *Armbruster v. Horowitz*, 572 Pa. 1, 813 A.2d 698, 703-04 (Pa. 2002). As such, where an appellant fails to raise a weight claim before the trial court, thus preventing it from addressing

the claim from the vantage point of having presided over the trial, the claim is unreviewable on appeal.

***In re Estate of Smaling***, 80 A.3d 485, 490-91 (Pa. Super. 2013).

Here, Mr. Stahl's claim that the adjudication of incapacity was against the weight of the evidence was not raised before the Orphans' Court and, thus, would normally be deemed waived. However, under the unique circumstances of this case, we decline to find waiver. Pursuant to section 5511 of the Probate, Estates and Fiduciaries Code, an alleged incapacitated person possesses "the right to request the appointment of counsel and to have counsel appointed if the court deems it appropriate[.]" 20 Pa.C.S.A. § 5511(a). In this case, the Orphans' Court appointed Legal Aid of Southeastern PA as counsel for Mr. Stahl, who throughout the course of these proceedings strenuously objected to the appointment of a guardian and sought to maintain his independence. However, it appears that Mr. Stahl was abandoned by court-appointed counsel at some point subsequent to the incapacity hearing, even though counsel should have known that Mr. Stahl would likely wish to appeal the court's determination. Without benefit of counsel, Mr. Stahl could not be expected to know he was required to preserve his weight claim by filing exceptions pursuant to Pa.O.C.R. 7.1. Moreover, because the trial court did not issue a Rule 1925(b) order, Mr. Stahl did not have the opportunity to preserve his weight claim by including it in a Rule 1925(b) statement. As a result of these procedural peculiarities, the trial court did not have an opportunity to address the Appellant's weight-

of-the-evidence claim. Accordingly, we remand for the preparation of a Rule 1925(a) order to allow Appellant's claims to receive appellate review.

Case remanded to trial court for preparation of Rule 1925(a) opinion within 30 days; panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2015