J-S75044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STRATTON PEAY, | : | |
| | : | |
| Appellant | : | No. 826 EDA 2018 |

Appeal from the PCRA Order February 20, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0105571-1997

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED JANUARY 31, 2019**

Stratton Peay ("Peay"), *pro se*, appeals from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On February 24, 1999, Peay was convicted of third-degree murder (his second conviction of that charge), aggravated assault, recklessly endangering another person and possessing an instrument of crime.  The trial court sentenced Peay to an aggregate term of life in prison.  This Court affirmed Peay's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal.  **See Commonwealth v. Peay**, 806 A.2d 22 (Pa. Super. 2002) (unpublished memorandum), **appeal denied**, 813 A.2d 702 (Pa. 2002).

On November 15, 2016, more than a decade after his judgment of sentence became final, Peay filed the instant *pro se* PCRA Petition, his third.

Peay subsequently filed an Amended PCRA Petition. On August 8, 2017, the PCRA court issued Notice of its intent to dismiss Peay's Petition without a hearing, pursuant to Pa.R.Crim.P. 907. Peay filed a Response. By Order entered February 20, 2018, the PCRA court dismissed Peay's Petition as untimely filed.[1] Peay filed a timely Notice of Appeal.

Peay now raises the following issues for our review:

I. Was trial counsel ineffective when she failed to request DNA/fingerprint testing of the 6 fired shell-casings found at the scene, or the results of any fingerprint testing previously conducted?

II. Did the PCRA court err when it failed to order DNA/fingerprint testing of the 6 fired shell-casings found at the scene of the crimes, or that any prior fingerprint testing results be disclosed?

Brief for Appellant at iv.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including

---

[1] Peay filed a Notice of Appeal before the PCRA court entered the Order denying his Petition, and this Court quashed the appeal as interlocutory.

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Here, Peay's Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094. "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Peay essentially argues that his confession had been coerced, and that fingerprint or DNA testing would establish his innocence. *See* Brief for Appellant at 1-5. Despite a cursory attempt to invoke the government interference exception, Peay has not asserted that any governmental official

prevented him from timely raising the issue.[2] Thus, Peay failed to plead and prove an exception to the PCRA's timeliness requirement.[3]

Because Peay did not successfully invoke any of the exceptions necessary to circumvent the PCRA's timeliness requirement, we affirm the PCRA court's Order dismissing Peay's Petition as untimely filed.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/19

_____

[2] Additionally, Peay's claim of trial counsel's ineffectiveness does not save his untimely Petition. **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (stating that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits.").

[3] We note that Peay previously raised similar claims on direct appeal and in his prior PCRA Petitions. **See** 42 Pa.C.S.A. § 9543(a)(3) (providing that a PCRA petitioner must plead and prove that "the allegation of error has not been previously litigated or waived.").