# Prime Group Remediation, Inc. v. T. Lomax & Associates, Inc.

2

*Daniel R. Sulman* and *Margaret M. Underwood*, for plaintiff

*John T. Asher, III*, for defendant

OVERTON, *J.*, February 20, 2013—This matter is before the appellate court in response to the order reproduced below, issued on November 2, 2012.

> Upon consideration of the post-trial motions of the defendant, T. Lomax & Associates, Inc., and any opposition thereto, it is hereby ordered that the motions are denied.

T. Lomax and Associates, Inc. filed an appeal.

## FACTS[1]

Prime Group Remediation, Inc., (hereinafter "Prime") and T. Lomax and Associates, Inc., (hereinafter "appellant") entered into an oral contract for asbestos remediation at the Bluford School located in Philadelphia, Pennsylvania.

---

1. This statement of facts is a restatement of this court's factual findings. See N.T. 10/16/12 at p. 221 - 225.

The parties agreed that Prime would be paid $75,000 for the asbestos remediation. The contract was negotiated on the appellant's behalf by Paul Mikalic, who was employed by Prime at the time.

Prime completed its work at the Bluford School on or about August 31, 2009. Prime, through its officers, executed a partial release on or about October 22, 2009. The release was prepared by Keating General Contractors (hereinafter "Keating") and did not release the appellant but did release the School District of Philadelphia, Keating, and Federal Insurance Company. No general releases were executed.

Prime received $67,500.00 for its work it had completed, leaving a claim for retainage of $7,500.00. Prime sent two (2) invoices; one dated July 21, 2009 and the second dated August 18, 2009. Both invoices listed a retainage. The appellant did not deny the receipt of these invoices. Vincent J. Primavera, Jr., Vice President of Prime, testified that the retainage was not due until completion of the entire project.

Mr. Mikalic, who had left Prime's employ and began for the appellant, testified that Prime failed to remove a trailer that Prime used to depose of the asbestos waste in a timely fashion. The trailer was said to be physically preventing any additional work to be done on the project. The appellant claimed a breach by Prime's failure to remove the disposal trailer. Consequently, Mr. Mikalic decided to hire USA Environmental Management Inc. to complete the work on behalf of the appellant because of

his perceived breach by Prime. Prime conceded that they were responsible for the cost of the trailer removal which was $2,400.00.

## PROCEDURAL HISTORY

On August 9, 2011, plaintiff, Prime Group Remediation, Inc. ("Prime") filed a complaint for breach of contract against defendant, T. Lomax and Associates, Inc. ("appellant"). Prime alleged that the appellant failed to pay Prime the entire amount of their contract, which was $75,000.

On May 7, 2012, the appellant filed a motion for summary judgment. On June 13, 2012, the Honorable Idee C. Fox denied the appellant's motion for summary judgment.

On October 17, 2012, this court found in favor of Prime. On November 2, 2012, this court denied the appellant's post-trial motion. On December 6, 2012, appellant filed a timely appeal. Statements of matters complained of on appeal were requested and properly tendered on January 2, 2013. Appellant raised the following issues in its statement of matters Complained of on appeal pursuant to Pa. R.A.P. 1925 (b):

1. The court erred in denying Lomax's motion for summary judgment in its order of June 13, 2012;

2. The court erred in denying Lomax's motion for summary judgment by failing to deem Lomax's new matter admitted due to the plaintiff, Prime Group Remediation, Inc.'s ("Prime") failure to respond to

same;

3. The court erred in denying Lomax's motion for summary judgment by failing to deem Lomax's requests for admissions, which were served on January 20, 2012, admitted due to Prime's responding to same on February 23, 2012, two weeks after responses were due under PA.R.C.P. No. 4014;

4. The court erred in denying Lomax's motion for summary judgment in failing to estopp Prime from contradicting its prior testimony in the Philadelphia Municipal Court under claim #SC-11-01-25-5949 that it had not performed work at the Bluford School project after August 31, 2009;

5. The court erred in denying Lomax's summary judgment motion and at trial in not finding that the sub-contractor and material supplier's partial release of claims and liens affidavit and the subcontract's partial rlease of claims and liens applied to bar Prime from seeking any additional monies from Lomax for the Bluford School project other than the $67,500.00 paid by Lomax to Prime;

6. The court erred in denying Lomax's summary judgment motion and at trial in not finding that Prime was stopped from arguing that it was owed any money over the $67,500.00 paid to it by Lomax because prime admitted in the sub-subcontractor and material supplier's partial release of claims and liens affidavit that it had been paid in full by Lomax through August

31, 2009.

7. The court erred at trial in not granting Lomax's request at trial for a compulsory non-suit based upon the language of the sub-contractor and material suppier's partial release of claims and liens affidavit and the subcontractor's partial release of claims and liens;

8. The court erred by awarding $2,000.00 to Prime at trial for the award was not based on facts of record, but was based on pure speculation and conjecture, and was improper;

9. The court erred at trial by refusing to permit Lomax offer evidence regarding performing work at another location and monies incurred for materials;

10. The court erred at trial by finding that Lomax breach its contract with Prime;

11. The court's finding at trial that there was retainage was against the weight of the evidence; and,

12. Since the trial court's order denying Lomax's post trial motions, docketed on November 6, 2012, did not set forth the basis for the court's ruling, Lomax further states that the trial court erred in denying the appellants' post-trial motions seeking a compulsory non-suit, that the verdict be set aside, and/or awarding a new trial and reserve its right to file a supplemental statement in response to the trial court's Rule 1925(a) opinion.

This opinion is offered in response to said appeal.

## DISCUSSION

Appellant's claims are discussed in turn and are without merit.

*A. Appellant's claims 1, 2, 3, and 4 were not preserved for appellate review.*

Appellant's claims 1, 2, 3, and 4 were not preserved for appellate review and consequently are deemed waived. On October 31, 2012, the appellant filed a post-trial motion with this court. However, that motion did not include any of the aforementioned claims.[2] Therefore, these claims were not preserved for appellate review and are deemed waived. See *Lane Enterprises, Inc. v. L.B. Foster Co.,* 710 A.2d 54, (Pa. 1998) ("Pa. R. Civ. P.227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes").

*B. In claims 5, 6, and 10, appellant appears to challenge the sufficiency of the evidence supporting this court's findings.*

Each challenge is without merit and will be addressed in turn.[3]

"'A sufficiency [of evidence] analysis... must begin by accepting the credibility and reliability of all evidence,

---

2. In fact, appellant failed to preserve any issues regarding its motion for summary judgment in its post-trial motion.

3. As mention in section A, appellant failed to preserve any issues regarding its motion for summary judgment, therefore, this court will only address those issues from trial that have been properly preserved.

viewed in the light most favorable to the verdict winner regardless of whether the appellant thinks that the evidence was believable."' *Imperial Excavating and Paving, LLC v. Rizzetto Const. Management, Inc.*, 935 A.2d 557, 560 (Pa. Super. 2007) (citation omitted).

i. *Whether the court erred at trial in not finding that the Sub-Contractor and Material Supplier's Partial Release of Claims and Liens Affidavit and the Subcontract's Partial Release of Claims and Liens applied to bar Prime from seeking any additional monies from Lomax for the Bluford School Project other than the $67,500.00 paid by Lomax to Prime.*

In this instance, Prime and the appellant entered into an oral contract for asbestos remediation. Per that contact Prime would be paid $75,000.00 for the asbestos remediation. Both parties agreed that Prime only received $67,500.00 for its services. The record reflects that the sub-contractor and material supplier's partial release of claims and liens affidavit only released and discharged the School District of Philadelphia, Daniel J. Keating Company, and the Federal Insurance Company, not the appellant. Further, the release itself states that it is only a "partial release of claims and liens." Viewing this evidence in the light most favorable to Prime, as the verdict winner, this court finds that evidence to have been sufficient to establish that the release did not bar Prime from pursuing any outstanding monies owed to them under the oral contract from the appellant. Therefore, this claim is without merit.

*ii.    Whether the court erred at trial in not finding that Prime was stopped from arguing that it was owed any money over the $67,500.00 paid to it by Lomax because Prime admitted in the Sub-subcontractor and Material Supplier's Partial release of Claims and Liens Affidavit that it had been paid in full by Lomax through August 31, 2009.*

For the aforementioned reasons stated in the above subsection "I", this claim is also without merit.

*iii.    Whether the court erred at trial by finding that Lomax breached its contract with Prime.*

Here, neither party challenged the validity of the contract. Both parties agreed that per the contract, Prime would be paid $75,000.00 for the asbestos remediation. Prime presented testimony that they completed the asbestos remediation. Further, there is uncontroverted evidence in the record that Prime only received $67,500.00 for their services. Prime presented evidence that a bill was sent to the appellant on 12/9/2009 requesting the outstanding balance of $7,500.00. Prime also presented evidence that payment was requested again on 6/21/2010. Appellant did not challenge the receipt of these requests for payment. However, Prime never received payment from the appellant. Viewing this evidence in the light most favorable to Prime, as the verdict winner, this court finds this evidence to have been sufficient to establish that the appellant breached the oral contract between the parties when the appellant failed to pay Prime the agreed contract price. Therefore, this claim is without merit.

*C. Whether the court erred at trial in not granting Lomax's request at trial for a compulsory non-suit based upon the language of the Sub-Contractor and Material Suppier's Partial Release of Claims and Liens Affidavit and the Subcontractor's Partial Release of Claims and Liens.*

The standard of review of an order granting a compulsory non-suit is well-settled:

> A motion for compulsory non-suit allows a defendant to test the sufficiency of a plaintiffs' evidence and may be entered only in cases where it is clear that the plaintiff has not established a cause of action; in making this determination, the plaintiff must be given the benefit of all reasonable inferences arising from the evidence. *Hatbob v. Brown,* 394 Pa. Super. 234, 575 A.2d 607 (1990). When so viewed, a non-suit is properly entered if the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action; it is the duty of the trial court to make this determination prior to the submission of the case to the jury. Id. When this court reviews the grant of a non-suit, we must resolve all conflicts in the evidence in favor of the party against whom the non-suit was entered. *Eisenhauer v. Clock Towers Associates,* 399 Pa. Super. 238, 582 A.2d 33 (1990).

*Taliferro v. Johns-Manville Corp.,* 421 Pa. Super. 204, 617 A.2d 796, 799 (1992). See also *Poleri v. Salkind,* 683 A.2d 649, 653 (Pa. Super. Ct. 1996)

A compulsory non-suit is proper only where the

facts and circumstances compel the conclusion that the defendants are not liable upon the cause of action pleaded by the plaintiff. *United National Ins. Co. v. J.H. France Refractories Co.*, 417 Pa. Super. 614, ,612 A.2d 1371, 1374 (1992), *rev'd. on other grounds*, Pa., 668 A.2d 120 (1995) (reversing on statute of limitations issue).

Here, neither party contested the validity of the oral contract or the contract price. Further, both Prime and the appellant agreed that Prime was only paid $67,500.00, which was $7,500.00 less than the agreed contract price of $75,000.00. Prime presented evidence that it completed all of the asbestos remediation work that was required by the oral contract. Prime also presented evidence that they requested payment for the remaining balance from the appellant at least two times and at the time of trial Prime had yet to receive that payment. Therefore, giving Prime the benefit of all reasonable inferences arising from the evidence, this court found that Prime produced sufficient evidence to withstand the appellant's non-suit motions. Therefore, this claim is without merit.

*D. Whether the court erred by awarding $2,000.00 to Prime at trial for the award was not based on facts of record, but was based on pure speculation and conjecture, and was improper.*

In this matter, Prime received $67,500.00, leaving $7,500.00 on the contract. Prime conceded that it was responsible for $2,400.00 related to the trailer removal. The appellant hired USA Environmental Management, Inc., to perform the remaining abatement work for $4,500.

The principals of USA Environmental were not identified nor was the scope of their work. Accordingly, as this court stated during trial, since USA Environmental was new to the project, its cost would be higher conceivably than what Prime had already contracted for. Taking that factor into account, this court fashioned a judgment that would reflect that. Therefore, this claim is without merit.

*E.   The court erred at trial by refusing to permit Lomax offer evidence regarding performing work at another location and monies incurred for materials.*

The decision of whether or not to admit evidence is committed to the sound discretion of the trial court and will only be reversed upon a showing that the trial court clearly abused its discretion in admitting evidence. See *Commonwealth v. Kennedy*, 959 A.2d 916, 923 (Pa. 2008) (Citing *Commonwealth v. King*, 721 A.2d 763, 772-773 (1998)).

"An abuse of discretion is not merely an error in judgment, but an 'overriding misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record.'" *Commonwealth v. Flamer*, 53 A.3d 82, 86. (citation omitted).

In this instance, appellant's counsel attempted to introduce the evidence of prior projects that Prime and the appellant had conducted together by way of the testimony of Paul Mikalic. Appellant's counsel's reason

for attempting to do such was that he felt that his client had been slandered.[4] As this court stated during trial, the issue in this matter was whether or not there was a breach of the contract between the parties. Evidence of any prior dealings to rebut alleged slanderous testimony had no tendency to make the existence of any fact that was of consequence to the determination of whether or not there was a breach of contract in this case more probable or less probable, therefore, said evidence was not relevant. Pa.R.Evid. 401.

Accordingly, this court's decision not to allow such evidence was not an 'overriding misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality." *Flamer*, 53 A.3d at 86. Therefore, this claim is without merit.

F. *Whether the court's finding at trial that there was retainage was against the weight of the evidence.*

Appellant's claims that this court's finding was against the weight of the evidence is without merit. "The general rule in this Commonwealth is that a weight of the evidence claim is primarily addressed to the discretion of the judge who actually presided at trial. [T]he authority of the trial judge to upset a verdict premised upon a weight claim is narrowly circumscribed. A trial judge cannot grant a new trial 'because of a mere conflict in testimony.'" *Armbruster v. Horowitz* 813 A.2d 698, 702 - 3 (2002) (citation omitted). Instead, "a new trial should

---

4. See N.T. 10/16/12 at p. 173.

be granted only in truly extraordinary circumstances, i.e., 'when the jury's verdict is *so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.*'" Id. at 703 (emphasis original) (citation omitted).

As previously mentioned, there is uncontroverted evidence in the record that there existed a contract between the parties, in which Prime would be paid $75,000.00 for asbestos remediation. Further, Mr. Primavera, Jr. testified that it was customary in this particular line business for the party paying the sub-contractor to withhold a retainage for punch list items and that the retainage is then released after the entire job is complete and the punch list items are taken care of by the sub-contractor. Mr. Primavera, Jr. also testified that Prime sent two invoices; the first one was sent when the job was 50% complete and the second one was sent when the job was 100% complete. Both invoices explicitly stated that 10% retainage was being withheld from the payment, which resulted in Prime being paid $67,500.00. Both, Prime and the appellant, acknowledge that Prime was only paid $67,500.00. Lastly, it is uncontested that Prime was never presented with a punch list.

Accordingly, given that evidence, this court's finding that there was a retainage was not so contrary to the evidence to shock one's sense of justice. Therefore this claim is without merit.

*G. Whether the Trial court erred in denying the*

*appellants' post-trial motions.*

Those issues appellant raised and properly preserved in its post-trial motion were addressed within this opinion. Therefore, this claim is without merit.

## CONCLUSION

The court's order dated November 2, 2012, denying appellant's post-trial motion should be affirmed.