**[J-21-2018] [MO: Mundy, J.]**

# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| JOHN STAPAS, | : | No. 44 WAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court entered December 23, 2016 at |
| | : | No. 1287 WDA 2015, vacating the |
| v. | : | Judgment of the Court of Common |
| | : | Pleas of Allegheny County entered |
| | : | July 24, 2015 at No. GD09-012965 |
| GIANT EAGLE, INC., A PENNSYLVANIA | : | and remanding. |
| ENTITY; GIANT EAGLE, INC., T/D/B/A | : | |
| GETGO FROM GIANT EAGLE, A | : | ARGUED: April 10, 2018 |
| PENNSYLVANIA ENTITY; GIANT EAGLE | : | |
| INC., T/D/B/A SOUTHSIDE GETGO, A | : | |
| PENNSYLVANIA ENTITY; NADEEN | : | |
| MCSHANE, AN INDIVIDUAL; GETGO | : | |
| PARTNERS SOUTH, A PENNSYLVANIA | : | |
| ENTITY; GETGO PARTNERS SOUTH- | : | |
| MARYLAND, LLC, A PENNSYLVANIA | : | |
| ENTITY; AND GETGO HOLDINGS, LLP, | : | |
| A PENNSYLVANIA ENTITY, | : | |
| | : | |
| Appellees | : | |

## DISSENTING OPINION

**JUSTICE DOUGHERTY**          **DECIDED: NOVEMBER 21, 2018**

The majority concludes a post-verdict objection prior to the discharge of the jury was required to preserve a challenge to an award that had no relation to the evidence presented during trial, and which included amounts not specified on the approved verdict slip. Under the particular circumstances of this case, where the jury acted unpredictably and against the direction of the trial court and all counsel, I discern no reason to require such an objection prior to and **in addition to** the filing of post-trial motions. Accordingly, I dissent.

The discrete issue before this Court is whether Giant Eagle waived its challenge to the verdict by challenging it for the first time in post-trial motions, and not via an objection before the jury was discharged. This Court has clearly articulated when an objection is required to preserve an issue for appeal. *See, e.g.*, *Criswell v. King*, 834 A.2d 505 (Pa. 2003); *Dilliplaine v. Lehigh Valley Trust Co.*, 322 A.2d 114 (Pa. 1974). Under this well-established jurisprudence, if Giant Eagle's challenge to the verdict was grounded in trial error, *Dilliplaine* controls and a "contemporaneous objection" was required to preserve the issue for appeal. Conversely, if the challenge to the verdict is based on its being contrary to the weight of the evidence, *Criswell* applies and the claim may be raised for the first time in post-trial motions.

In my view, the Superior Court correctly assessed Giant Eagle's challenge to the jury's verdict as one based on the weight of the evidence, which was therefore correctly preserved through the timely filing of post-trial motions. A claim challenging the weight of the evidence "is not premised upon trial court error or some discrete and correctable event at trial, but instead ripens only after, and because of, the jury's ultimate verdict in the case." *Criswell*, 834 A.2d at 512. A new trial under such circumstances is warranted only "when the jury's verdict is **so contrary to the evidence as to shock** one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Armbruster v. Horowitz*, 813 A.2d 698, 703 (Pa. 2002) (emphasis in original), *quoting Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994) (additional citations omitted). "A trial judge cannot grant a new trial 'because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion.'" *Id.*, *quoting Brown*, 648 A.2d at 1189 (additional citations omitted). This case presents the requisite extraordinary circumstances because the jury undoubtedly disregarded the facts presented by the witnesses, the arguments of counsel, and the

unambiguous verdict slip when it awarded the largest percentage of damages for future lost wages — a category of damages specifically excluded by both parties and completely absent from the verdict slip.

This was not a case of mere conflict in testimony which the jury resolved based on credibility; rather the jury's award was so completely unmoored to the evidence it was the rare verdict that actually "shocks the conscience." Moreover, I cannot detect any trial court error which might have been cured by contemporaneous objection. The majority suggests Giant Eagle should have: 1) objected because the jury's verdict did not conform to the trial court's instructions regarding a lump sum of damages; 2) submitted a point for charge on wage loss; 3) objected to the trial court's instruction on wage loss; 4) objected to the verdict slip because it did not differentiate between past and future wage loss.

First, although a contemporaneous objection may in theory allow a jury to adjust the amounts it awarded for certain categories of loss, it is implausible that further deliberation by this particular jury — which disregarded the evidence and arguments presented, as well as the plain language on the verdict slip — would have altered the total amount of the verdict. In fact, in such circumstances, it is not proper to "issue a corrective instruction to the jury suggesting that the weight of the evidence does not support its verdict without invading the province of the jury by essentially directing a verdict." *Criswell*, 834 A.2d at 512 (citations omitted).

The majority's suggestion Giant Eagle should have objected to the jury instructions or verdict slip is also unavailing. The verdict slip presented the categories of damages as follows: "(a) Scarring; (b) Wage loss; (c) **Past and future** medical expenses; (d) **Past, present and future** pain and suffering; (e) Loss of life's pleasures." Majority Op., slip. op. at 4, *quoting* Verdict Slip, 11/17/14 (emphasis added). The verdict slip unquestionably delineated what categories of damages included future calculations — medical expenses

and pain and suffering. The plain language of the verdict slip together with the evidence presented by Stapas made it clear the case for damages was limited to past lost wages; there simply was no evidence of future wage loss.[1] Stapas's counsel himself conceded this point during closing argument when he stated they were seeking only "past and present wage loss" which was a small amount for "six weeks of [work at] eight or nine dollars an hour[.]" *Id.* at 3, *quoting* N.T. 11/17/14 at 836. Further, Giant Eagle's counsel "estimated Stapas's wage loss at $2,000 to $3,000." *Id.*, *citing* N.T. 11/17/14 at 804. Nevertheless, despite this clear limitation in the evidence which was properly spelled out on the verdict slip, the jury "went rogue" and awarded $1,300,000 for lost **future** wages. Counsel could not have foreseen this turn of events, and therefore Giant Eagle should not be penalized for failing to anticipate and preemptively object to the verdict slip or instructions on this basis.[2]

---

[1] The majority notes the jury was **not** instructed it could **not** award damages for future wage loss and the jury was unaware its award should be limited to past lost earnings because the verdict slip merely listed "wage loss" as a category of damages. *See* Majority Op., slip op. at 15, n.1 (emphasis added). When fairly examining the verdict slip as a whole, however, it is clear the categories which permitted a calculation for future damages were strictly delineated. The jury here went outside the express categories provided on the verdict sheet and wrote in the word "future" next to the "wage loss" category. *Id.* at 4, *quoting* Verdict Slip, 11/17/14, Question 6. This handwritten addendum indicates the jury recognized it was acting outside the directives of the court and the parties. Today the majority apparently holds a trial court's failure to instruct on a particular category of damages, which are also specifically excluded from a verdict slip, properly provides the jury with the authority to award such damages. This counterintuitive ruling imposes a new (and untenable) burden on parties and the trial court to specifically instruct juries **not** to award damages which were **never** at issue.

[2] The unusual fact scenario presented here includes the confusing manner in which the verdict was read into the record. Although the trial judge requested the tipstaff to read just the lump sum amount of damages into the record, the tipstaff nevertheless began reading the itemized damages into the record. The trial judge twice interrupted the tipstaff and requested the total lump sum only. In response to the trial judge's correction, the tipstaff read the lump sum amount of damages, but not before he also read a portion of the itemized list of damages. N.T. 11/17/14 at 862-63. This unpredictable sequence of events not only creates additional questions as to what objection trial counsel could have

In any event, I question whether we properly granted review in this matter. We have "consistently recognized that, while an appellate court may review whether the trial court abused its discretion in deciding a weight claim, its role is not to consider the underlying question in the first instance." *Armbruster*, 813 A.2d at 703, *quoting Brown*, 648 A.2d at 1191. Couching the issue before the Court as a legal question regarding waiver principles, the majority employs a *de novo* standard of review, and considers the underlying factual question based on the cold record. The majority's analysis is tantamount to error review in a unique and fact-bound matter where the decision will likely muddy the waters and engender confusion in what was heretofore a clearly established area of law.

Chief Justice Saylor joins this dissenting opinion.

---

made on an incomplete and chaotic verdict reading, but also demonstrates the unique nature of this case. As a result, the Court's decision turns on error review and is unlikely to provide any guidance to the bench or bar regarding when post-trial motions alone may preserve issues for review.