J-S17037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL JAMES LETKY | |
| Appellant | No. 1559 WDA 2014 |

Appeal from the Judgment of Sentence April 14, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010950-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 17, 2015**

Appellant, Paul James Letky, appeals *nunc pro tunc* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for simple assault, harassment, and criminal trespass.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

> DID THE TRIAL COURT ERR IN DENYING APPELLANT'S POST-SENTENCING MOTIONS SINCE APPELLANT'S

---

[1] 18 Pa.C.S.A. §§ 2701, 2709, 3503, respectively.

---

*Former Justice specially assigned to the Superior Court.

CONVICTIONS OF SIMPLE ASSAULT, DEFIANT TRESPASS, AND SUMMARY HARASSMENT WERE AGAINST THE WEIGHT OF THE EVIDENCE SINCE APPELLANT'S CREDIBLE TESTIMONY AT TRIAL INDICATED THAT HE DID NOT ASSAULT THE VICTIM, HE ONLY BRIEFLY AND UNAVOIDABLY STEPPED ON HER LAWN SINCE THERE WAS NO AVAILABLE SIDEWALK AND HE HAD TO PASS THAT WAY TO ACCESS A BUS, AND HE DID NOT HARASS HER?

(Appellant's Brief at 3).

On appeal, Appellant emphasizes his trial testimony that he walked past the victim's property to reach his bus stop, but he did not actually set foot on the victim's property. Appellant maintains he did not touch the victim or attempt to harass her. Appellant further argues that the victim did not provide warnings to stay off her property. Appellant insists he had no motive to lie about his interaction with the victim. On this basis, Appellant concludes his convictions were against the weight of the evidence. We disagree.

The following principles apply to our review of a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> ***Commonwealth v. Small***, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather,

appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

The Pennsylvania Crimes Code defines simple assault as follows:

### § 2701.  Simple assault

**(a)  Offense defined.—**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1)    attempts    to    cause    or    intentionally, knowingly or recklessly causes bodily injury to another;

\*     \*     \*

18 Pa.C.S.A. § 2701(a)(1).  The Crimes Code defines harassment as follows:

### § 2709.  Harassment

**(a)    Offense defined.—**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1)    strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;

\*     \*     \*

18 Pa.C.S.A. § 2709(a)(1).   Additionally, the Crimes Code provides the following definition for criminal trespass:

### § 3503.  Criminal trespass

\*     \*     \*

**(b)  Defiant trespasser.—**

(1)   A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(i)     actual communication to the actor;

\*    \*    \*

18 Pa.C.S.A. § 3503(b)(1)(i).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Anthony M. Mariani, we conclude Appellant's issue merits no relief.  The trial court opinion comprehensively discusses and properly disposes of the question presented.  (***See*** Trial Court Opinion, filed September 30, 2014, at 2-5) (finding: victim credibly testified that Appellant approached her after she parked vehicle in her driveway; victim told Appellant to leave her property, but Appellant refused and struck victim with walking stick, causing victim to fall and suffer knee injury; court found Appellant incredible, as he provided inconsistent testimony; Commonwealth presented competent evidence to establish every element of charged offenses; verdict did not shock one's sense of justice, and verdict was not against weight of evidence). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
)
)
vs. ) CC No. 2013-10950
)
PAUL J. LETKY, )
)
Defendant. )
)

## OPINION

Mariani, J.

This is a direct appeal wherein the defendant appeals the Judgment of Sentence of April 14, 2014 which became final when this Court denied defendant's post-sentencing motions on May 28, 2014. After a non-jury trial, this Court found the defendant guilty of simple assault, criminal trespass and harassment. This Court sentenced the defendant to a term of probation of 2 years relative to the conviction for simple assault. No further penalty was imposed at the remaining counts. The defendant filed a timely appeal after his appellate rights were reinstated *nunc pro tunc*. The defendant also filed a timely Concise Statement of Errors Complained of on Appeal alleging that the verdicts were against the weight of the evidence.

Relevant to this appeal, the credible facts of record adduced in this case are as follows:

On July 30, 2013, Stacie Thomson was returning home from a fishing trip with her mother, her son and her niece and nephew. She pulled her vehicle into the driveway

of her residence and parked it. Just after she exited her vehicle, she observed the defendant walking towards her. She immediately admonished the defendant to leave her property. Trial evidence demonstrated that, due to previous interactions involving the defendant, the defendant had been previously instructed by local police and by Ms. Thomson and her husband to stay off the Thomson's property. According to Ms. Thomson, the defendant had been instructed approximately twelve times to stay off her property over a fifteen month period.

Immediately upon being instructed to leave the Thomson's property, the defendant began walking toward Ms. Thomson. The defendant was walking with the aid of a walking stick which this Court observed to be approximately four feet in length. As he neared Ms. Thomson, the defendant raised the walking stick, grabbed each end with his hands and struck Ms. Thomson across her chest.[1]  Just as the assault occurred, Ms. Thomson's husband, who was in the residence, came running out of the residence toward the defendant. The defendant hastily left the property. Ms. Thomson fell to the ground and ultimately suffered a torn meniscus in her knee.

Ms. Thomson's testimony at trial was corroborated by the testimony of her mother and her husband.

---

[1] Ms. Thomson indicated at trial that the defendant struck her with the stick "like a cross-check". This Court equates this description to mean that the defendant held his stick like hockey players do when they are penalized for "cross-checking". Cross checking is accomplished when a hockey player uses both hands to thrust a playing stick across the body of an opponent.

The defendant testified in his own defense. The defendant testified that the Thomson's were hostile toward him because of a mistaken belief that he had stolen a cell phone from them. He denied ever being told that he was not permitted on the Thomson's property. He testified that when Ms. Thomson pulled into her driveway during the incident that she drove her vehicle very close to him near the roadway. He testified that she exited her vehicle and confronted him. He testified that as she approached him, he gave her a "head fake" and "slid" past her. According to the defendant, he was "pretty fit for an old guy" and "good on his feet." He indicated that he raised his walking stick at this point to maintain his balance but he testified that he did not strike her with it. He testified that Ms. Thomson never fell but that she "staged" falling to her knees. He also testified that he never had any physical contact with her and that he never travelled onto the Thomson's property.

The defendant's only claim on appeal is that the guilty verdicts were contrary to the weight of the evidence. As forth in Criswell v. King, 834 A.2d 505, 512. (Pa. 2003):

> Given the primary role of the jury in determining questions of credibility and evidentiary weight, the settled but extraordinary power vested in trial judges to upset a jury verdict on grounds of evidentiary weight is very narrowly circumscribed. A new trial is warranted on weight of the evidence grounds only in truly extraordinary circumstances, i.e., when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. The only trial entity capable of vindicating a claim that the jury's verdict was contrary to the weight of the evidence claim is the trial judge -- decidedly not the jury.

3

834 A.2d at 512. Armbruster v. Horowitz, 572 Pa. 1, 813 A.2d 698, 703 (Pa. 2002); Commonwealth v. Brown, 538 Pa. 410, 648 A.2d 1177, 1189 (Pa. 1994)). Although Criswell spoke in terms of a jury verdict, there is no distinction relative to a non-jury verdict.

The initial determination regarding the weight of the evidence is for the fact-finder. Commonwealth v. Jarowecki, 923 A.2d 425, 433 (Pa.Super. 2007). The trier of fact is free to believe all, some or none of the evidence. Id. A reviewing court is not permitted to substitute its judgment for that of the fact-finder. Commonwealth v. Small, 741 A.2d 666, 672 (Pa. 1999). A verdict should only be reversed based on a weight claim if that verdict was so contrary to the evidence as to shock one's sense of justice. Id. See also Commonwealth v. Habay, 934 A.2d 732, 736-737 (Pa.Super. 2007). Importantly "[a] motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but claims that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." Commonwealth v. Widmer, 744 A.2d 745 (Pa. 2000)). When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, appellate review of a trial court's decision is extremely limited. Unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, weight of evidence claims shall be rejected. Commonwealth v. Rossetti, 2004 PA Super 465, 863 A.2d 1185, 1191 (Pa. Super. 2004). The fact-finder's rejection of a defendant's version of events or the rejection of an affirmative defense is within its discretion and not a valid basis for a weight of evidence attack. Commonwealth v. Bowen, 55 A.3d 1254, 1262 (Pa.Super. 2011)

Essentially, the defendant claims that this Court should have credited his testimony over the testimony of the Commonwealth's witnesses. This Court was well within its province to determine that the defendant's version of the events was not credible.[2] The trial evidence presented by the Commonwealth has been recounted herein and was credible, competent and reliable and established every element of the crimes charged. This Court has reviewed the trial record and believes that the verdict does not shock any rational sense of justice and, therefore, the verdict was not against the weight of the evidence.

For the foregoing reasons, the Judgment of Sentence should be affirmed.

By the Court:

Date: SEPTEMBER 30, 2014

_____
                                                                              J.

---

[2] This Court did not find the defendant to be credible at all. His testimony was inherently inconsistent. The defendant testified that he was physically fit, could still walk well and was able to use a "head fake" to avoid Ms. Thomson but he also testified that he needed the walking stick to maintain his balance when he walked and he had to focus on his steps while walking. This Court did not believe the defendant's description of the events at issue.

5