J-S11011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH ANTHONY CAROTHERS | |
| Appellant | No. 1303 MDA 2014 |

Appeal from the Judgment of Sentence March 19, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No: CP-38-CR-0000130-2013

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                          **FILED APRIL 07, 2015**

Joseph Anthony Carothers ("Appellant") appeals from the judgment of sentence entered after a jury convicted him of recklessly endangering another person[1] in connection with a road rage incident. We affirm.

The facts, as set forth by the trial court, are as follows.

On December 5, 2012, Jason Burrows was working on a vehicle with his roommate, Nick Fulton at their residence located at 2102 Allegheny Avenue [in] Lebanon[.] Burrows and Fulton left the residence to purchase oil at AutoZone for the vehicle. While traveling down East Street, Burrows' 1988 Ford Ranger was struck from behind. The collision occurred as both vehicles were traveling approximately 15 miles per hour. Burrows identified [Appellant] as the driver of the vehicle that struck his truck. After the collision, [Appellant] attempted to flee by driving around Burrows' truck and speeding down the road. Burrows and

---

[1] 18 Pa.C.S.A. § 2705.

Fulton pursued [Appellant] to try to get him to stop his vehicle and confront him regarding the collision.

During the pursuit, the vehicles turned onto King Street. Burrows testified that [Appellant] slowed down and sped up his vehicle multiple times during the pursuit. At one point, [Appellant] slammed on his brakes. This caused Burrows to rear end [Appellant]'s vehicle at approximately 30-35 m.p.h. As a result, Burrows was charged with Recklessly Endangering Another Person. Burrows pled guilty to this charge and was sentenced to a period of probation. 18 Pa.[C.S.] § 2705. Burrows was further required to pay fines, costs, and restitution for the damage to [Appellant]'s vehicle.

After this second collision, Burrows and Fulton continued to pursue [Appellant]. They followed [Appellant] down Prescott Road. [Appellant] continued to speed up and slow down as the vehicles traveled down the road. At some point, [Appellant]'s vehicle ended up in the grass bordering the road. When [Appellant] slowed to a stop, Fulton exited the truck and approached [Appellant]'s vehicle. However, [Appellant] then continued to drive in the grass. Burrows continued to follow [Appellant] in the truck while Fulton chased both vehicles on foot. At some point, [Appellant] stopped his vehicle in the grass and Burrows stopped his truck next to the road. [Appellant] suddenly pulled his vehicle back onto the road, striking Burrows truck from behind. This impact caused [Appellant]'s vehicle to stall and become inoperable. Fulton approached [Appellant]'s vehicle and tried to enter through the sunroof. As a result of this conduct, Fulton was charged with and pled guilty to Disorderly Conduct.

After this third collision, [Appellant] exited his vehicle and continued down the street on foot. Burrows and Fulton ceased pursuing [Appellant]. They returned to the residence and notified the police of the incident. [Appellant] also contacted 911 emergency services during the incident.

Trial Court Opinion, dated 7/21/14, at 3-5, citing N.T., 12/3/13, at 13-23, 40-42, and 89-91 (internal citations omitted).

The trial court also noted that Sergeant Kenneth Zimmerman, the police officer responding to Appellant's 911 call, had found physical evidence that corroborated Burrows's testimony. He found parts of Burrows's tail light and parts of Appellant's front grill at the intersection of Jackson and Prescott Roads. The officer followed a fluid trail from Appellant's radiator to the site of Appellant's disabled vehicle. The location where the officer found the debris is located approximately 1.7 miles before where Appellant claims the front of his vehicle impacted the back of Burrows's vehicle. *See* Trial Court Opinion at 9-10. Appellant was charged with recklessly endangering another person and the summary offense of Careless Driving.

A jury trial ensued, at which Burrows, a police officer, and Appellant testified. The jury found Appellant guilty of recklessly endangering another person, and he was sentenced.[2] After the denial of his post-sentence motion, Appellant timely appealed to this Court.

Appellant raises the following issues:

a. Whether the evidence presented at trial was insufficient to sustain [Appellant]'s conviction of recklessly endangering another person?

b. Whether [Appellant]'s conviction was against the weight of the evidence?

The standard of review of challenges to the sufficiency of the evidence is firmly established.

_____

[2] The trial court found Appellant guilty of the careless driving.

There is sufficient evidence to sustain a conviction when the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to enable the fact-finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence[.] … The trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Martin*, 101 A.3d 706, 718 (Pa. 2014) (citations omitted).

"A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. The *mens rea* for the crime of recklessly endangering another person is a "conscious disregard of a known risk of death or great bodily injury to another person." *Commonwealth v. Fabian*, 60 A.3d 146, 155 (Pa. Super. 2013), *appeal denied*, 69 A.3d 600 (Pa. 2013) (citation omitted).

In his first issue, Appellant avers that because both Burrows and the police officer allegedly contradicted themselves at trial, the evidence supporting the verdict was "inherently unreliable" and thus "insufficient as a matter of law." Appellants Brief at 11, 14. This issue is without merit.

Contradictions in testimony speak to the *weight* of the evidence, not its *sufficiency*. *See*, *e.g.*, *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014). As demonstrated by his nearly word-for-word recitation of the same argument

presented here as that provided in support his Issue "b" weight challenge, Appellant has shown that he is aware of this well-settled principle.

Secondly, Appellant's self-serving, out-of-context reiteration of testimony that pertains to matters other than the elements of the crime does not render the evidence upon which the verdict was based unreliable or insufficient.[3]  As noted above, in reviewing sufficiency challenges, we view the totality of the evidence admitted at trial "in the light most favorable to the Commonwealth as verdict-winner." **Martin**, **supra** at 718.

In the instant case, as the trial court observed, the evidence showed that Appellant initiated the incident by rear-ending Burrows's truck and speeding away. When Appellant realized Burrows was chasing him, he slowed down and sped up his vehicle multiple times during the pursuit. At one point, Appellant slammed on his brakes, causing Burrows to rear end Appellant's vehicle at approximately 30-35 m.p.h.  **See** Trial Court Opinion at 3.

After that second collision, Appellant again left the scene with Burrows and Fulton in pursuit, and continued to speed up and slow down as the vehicles traveled down the road.  **See id**. at 4.  At one point, Appellant stopped his vehicle in the grass bordering the road, and Burrows stopped his truck next to the road.  Appellant then suddenly pulled his vehicle back onto

_____

[3] **See** Appellant's Brief at 11-13.

the road, striking Burrows's truck from behind. *See id*. As the trial court concluded, "the physical evidence presented at trial significantly refutes [Appellant's] story." Trial Court Opinion at 2. We agree. Because sufficient evidence supports the jury's determination that Appellant "conscious[ly] disregard[ed] … a known risk of death or great bodily injury to another person" when he drove his vehicle in a reckless manner, this issue has no merit. *Fabian*, *supra* at 155.[4]

Appellant also avers that the verdict is against the weight of the evidence. As noted, he essentially repeats, nearly word-for-word, the same argument regarding allegedly contradictory testimony that he provided in support of his sufficiency challenge.

In raising a weight claim, an appellant "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013), *cert*. *denied*, 134 S.Ct. 1792 (U.S. 2014). The

---

[4] The trial court also observed that the evidence showed that Appellant had motive to cause damage to Burrows's truck because just prior to date of the incident, Appellant had ended a relationship with Tracy Barney, Fulton's sister-in-law. Burrows testified that he was in a relationship with Tracy at the time of the accident. In addition, Burrows and Sergeant Zimmerman each testified that there were several incidents of vandalism at the property where Barney lived with Burrows and Fulton, property that is located in a small neighborhood off the nearby main roads. Appellant "coincidentally took this detour from the main road on his drive home from work." Trial Court Opinion at 11.

general rule in our Commonwealth is that "a weight of the evidence claim is primarily addressed to the discretion of the judge who actually presided at trial." ***Armbruster v. Horowitz***, 813 A.2d 698, 702 (Pa. 2002); ***Commonwealth v. Edwards***, 903 A.2d 1139, 1148 (Pa. 2006). Accordingly,

> [a]ppellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in original; citations omitted).

Discretion is abused "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." ***Id.*** (citation omitted).

Here, as the trial court observed:

Burrows testified that [Appellant] initially rear[-]ended his truck on East Street before speeding off on East King Street towards Prescott Road. Thereafter, Burrows stated that he rear[-]ended [Appellant] at the intersection of East King Street and Prescott Road. After [Appellant]'s vehicle left the roadway into the grass near Reistville Road, he rear[-]ended Burrows' truck a second time in an attempt to regain access to the roadway.

[Appellant] told a different story at trial. [Appellant] alleged that he did not strike the rear of Burrows' truck until near the end of the pursuit when he attempted to pull his vehicle back onto the road. He explained that Burrows' truck struck his vehicle two times before he was forced into the grass. It was only then,

[Appellant] alleged, that the front of his vehicle made contact with the rear of Burrows' truck.

Sergeant Kenneth Zimmerman also testified at trial. Sergeant Zimmerman has a total of 21 years of experience in police enforcement. On December 5, 2012, he responded to a 911 call made by [Appellant]. He explained how [Appellant] described the events to him on the day of the incident. According to Sergeant Zimmerman, [Appellant] initially told him that the front of his vehicle was damaged because Burrows backed his truck into [Appellant]'s vehicle after he had stalled near Reistville Road. This statement clearly differed from what [Appellant] testified to at trial, thus called into question [Appellant]'s credibility.

In addition, Sergeant Zimmerman located physical evidence that corroborated Burrows' testimony. … The location where Sergeant Zimmerman found the debris is located approximately 1.7 miles before where [Appellant] claims the front of his vehicle impacted the back of Burrows' vehicle.

* * *

The evidence presented at trial is simply not in line with Appellant's story, and we therefore find that the jury afforded appropriate weight to [the] testimony.

Trial Court Opinion at 10-11.

Based on our review of the record and the trial court's opinion rendered on Appellant's post-sentence motion, we conclude that that court did not abuse its discretion in determining that the verdict was supported by the weight of the evidence. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2015