J-S09041-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES PRICE | : | |
| | : | |
| Appellant | : | No. 711 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007968-2021

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED APRIL 1, 2026**

Appellant James Price appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after the trial court convicted Appellant of aggravated assault, possession of a firearm by a prohibited person, carrying firearms in public in Philadelphia, criminal mischief, possession of an instrument of crime, and simple assault.  Appellant argues that his convictions are against the weight of the evidence and challenges the trial court's discretion in imposing his sentence.  We affirm.

Appellant was charged with the aforementioned offenses and proceeded to a bench trial before the Honorable Kai Scott at which the following factual background was developed.  On May 16, 2021, at approximately 4 p.m., Melissa Johanson ("the victim") encountered Appellant on Kensington Avenue

_____

[*] Former Justice specially assigned to the Superior Court.

in Philadelphia; the victim admitted that she and Appellant "were in an on/off relationship." Notes of Testimony (N.T.), 4/19/22, at 21-23. The victim recalled that Appellant walked towards her and began yelling at her to "get the fuck off the block." *Id.* at 23-24. Appellant approached the victim, who was standing by her car, and proceeded to repeatedly hit the windshield of the victim's car with a broom until he cracked the windshield. *Id.* at 25-27.

After this attack, the victim was able to get in her car and call the police; she circled the block to await their arrival. *Id.* at 28. The victim testified that on her third time circling the block, she saw Appellant on the corner of Jasper and Cambria Streets, holding a firearm. *Id.* at 28-29. The victim turned down Jasper Street in an attempt to get away from Appellant and saw him shooting at her vehicle through her rearview mirror as she sped away. *Id.*

The victim then ran into a nearby convenience store in an attempt to hide and to call the police again. *Id.* at 34-36. The victim admitted that when officers arrived, she was so hysterical that she was unable to speak clearly to explain what had happened. *Id.* at 36-37. However, after Officer Ashley Gilbert was eventually able to calm the victim down, the victim gave a statement to detectives in which she identified Appellant as the man who had cracked her windshield and shot at her vehicle. *Id.* at 37-38. Officer Gilbert also testified for the prosecution and corroborated the victim's testimony, recalling that it took some time to calm the victim down to be able to get her to be able to articulate what had occurred. *Id.* at 55.

Further, the prosecution also presented video surveillance footage from the intersection of Jasper and Cambria Streets which showed a man chasing the victim's vehicle holding a firearm with visible smoke coming out of the firearm. *Id.* at 30-34. The victim was able to identify Appellant as the individual in the surveillance video. *Id.* at 33-34.

At the conclusion of the waiver trial, Appellant was convicted of all the aforementioned offenses. On December 1, 2022, Appellant was sentenced to eight to sixteen years' imprisonment for aggravated assault, a consecutive term of one to two years' imprisonment for persons not to possess a firearm, and three years of consecutive probation for carrying firearms in public in Philadelphia. No further penalties were imposed on the remaining convictions. As such, Appellant received an aggregate sentence of nine to eighteen years' imprisonment followed by three years' probation.

On December 12, 2022, Appellant filed a post-sentence motion, raising challenges to the weight of the evidence and discretionary aspects of sentence. On April 11, 2023, Appellant's post-sentence motion was denied by operation of law. Although Appellant filed a notice of appeal, the appeal was subsequently discontinued.

On August 15, 2023, Appellant filed a *pro se* PCRA petition. Appellant was appointed counsel, who filed an amended petition on February 27, 2024. On March 6, 2025, the PCRA court granted Appellant's petition seeking the reinstatement of Appellant's direct appeal rights *nunc pro tunc*. This timely appeal followed.

Appellant raises the following issues for our review:

I.    Whether the verdict was against the weight of the evidence?

II.   Whether the court abused its discretion in sentencing?

III.  Whether the trial court erred in using the wrong sentencing guideline offense gravity score (OGS)?

Appellant's Brief, at 7.

Appellant first claims that his convictions are against the weight of the evidence. In reviewing a challenge to the weight of the evidence, we are cognizant that:

> The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Banniger*, 303 A.3d 1085, 1095 (Pa.Super. 2023) (citations omitted).

It is important to distinguish an appellate court's standard of review for a challenge to the weight of the evidence from the standard of review applied by trial courts:

> [a]ppellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of

- 4 -

the evidence and that a new trial should be granted in the interest of justice.

**Commonwealth v. Clay**, 619 Pa. 423, 432, 64 A.3d 1049, 1055 (2013) (internal citations omitted).

As a preliminary matter, we note that the trial judge that presided over Appellant's bench trial, the Honorable Kai Scott, did not specifically rule on the challenge to the weight of the evidence presented in Appellant's post-sentence motion as Judge Scott resigned from the Court of Common Pleas bench to assume a seat on the U.S. District Court for the Eastern District of Pennsylvania. The PCRA court judge that restored Appellant's direct appeal rights *nunc pro tunc* also did not review the merits of these claims.

As a general rule, as "a weight of the evidence claim is primarily addressed to the discretion of the judge that actually presided at trial," appellate courts may not review weight of the evidence claims in the first instance. **Armbruster v. Horowitz**, 572 Pa. 1, 9-10, 813 A.2d 698, 702–704 (2002) (explaining that "while an appellate court may review whether the trial court abused its discretion in deciding a weight claim, its role is not to consider the underlying question in the first instance").

However, our Supreme Court has held that "where a properly preserved weight of the evidence claim is raised on appeal and the judge who presided at trial failed to rule on the claim and is now permanently unavailable to do so, the claim must be reviewed by the appellate tribunal in the first instance." **Id.** at 13, 813 A.2d at 705. **See also In re Est. of Smaling**, 80 A.3d 485, 493 (Pa.Super. 2013) (*en banc*) (reviewing properly preserved weight of the

evidence claim in the first instance when trial court judge that presided over will contest retired before addressing weight claim). We thus proceed to review the merits of Appellant's weight claim in the first instance.[1]

In this case, Appellant claims that the guilty verdicts on all of his charges were not supported by the weight of the evidence for various reasons. Appellant claims that the victim, who is the sole witness in this case, had impaired visibility as she was driving around with a cracked windshield. Although the victim identified Appellant as the shooter, Appellant claims the victim's attention was not focused on the shooter, but rather on fleeing the scene in the opposite direction and in looking for the police. Appellant claims that he was not the only individual on the street that day. Further, Appellant points out that there were no bullet holes in the victim's car, no shell casings recovered from the scene, nor any other evidence that a gun had been fired.

We cannot find that the verdicts in the case shock one's sense of justice. The victim, who had been romantically involved with Appellant in the past, was able to identify Appellant as the individual who smashed her windshield with a broom and then subsequently shot at her vehicle. While Appellant relies heavily on his allegation that the victim's vision was impaired as her front windshield was cracked, the victim reported seeing Appellant shooting at her through her undamaged, unobstructed rearview mirror.

---

[1] We also note that "[a]lthough weight of the evidence claims have been addressed in non-jury cases, there is a logical inconsistency in asking a trial judge to conclude that his non-jury decision shocked his own conscience." **Banniger**, 303 A.3d at 1095 (citation omitted).

The victim's testimony was corroborated by surveillance video which clearly shows an individual firing a gun at the victim's vehicle as it sped away. The victim was also able to confirm that Appellant was the individual recorded in the surveillance video shooting at her vehicle. To the extent that Appellant disputes the victim's claim that he actually fired the gun at her, the video shows smoke emanating from the firearm as the individual was chasing the victim's vehicle.

The victim also exhibited behavior at the time of the events in question that corroborated her claim that she had just been shot at and needed police assistance. Officer Gilbert, who responded to the reported shooting, testified that Appellant had a hysterical and scared demeanor, which was consistent with the emotional reaction of a person who had been chased and shot at just minutes before.

We further remind Appellant that "[t]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." **Commonwealth v. Champney**, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003). It was within the trial court's purview to accept the victim's testimony as credible in light of the other evidence presented. As such, Appellant's challenge to the weight of the evidence fails.

Appellant also raises various challenges to the trial court's sentencing discretion. He first argues that the trial court failed to consider his rehabilitative needs and give sufficient weight to his troubled background

involving trauma and violence, which included a traumatic brain injury, the death of his parents, his brother's incarceration, and the post-traumatic stress disorder (PTSD) he developed after he was shot five times.

In reviewing a challenge to the trial court's sentencing discretion, we are mindful that:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

Appellant filed a timely notice of appeal after preserving this issue in a timely post-sentence motion. His appellate brief includes a statement of reasons for allowance of appeal with respect to the discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f). Therefore, we must determine whether Appellant's challenge to the discretionary aspects of his sentence constitutes a substantial question for our review. "[T]o establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. The determination of whether a particular case raises a

substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa.Super. 2016) (citations omitted).

This Court has held that "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Dortch*, 343 A.3d 298, 310 (Pa.Super. 2025) (quoting *Commonwealth v. Crawford*, 257 A.3d 75, 79 (Pa.Super. 2021)). However, even assuming *arguendo* that this argument raised a substantial question for review, Appellant has failed to show he is entitled to relief.

Our standard of review for a challenge to the discretionary aspects of sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Reid*, 323 A.3d 26, 30–31 (Pa.Super. 2024) (quoting *Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015) (citation omitted)).

The Sentencing Code requires a sentencing court to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the

rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721. "The balancing of the sentencing factors is the sole province of the sentencing court." ***Commonwealth v. Miller***, 275 A.3d 530, 535 (Pa.Super. 2022) (citation omitted).

We reject Appellant's suggestion that the trial court did not consider relevant mitigating evidence as the trial court expressly addressed these factors on the record at the sentencing hearing, discussing in detail her consideration of Appellant's troubled adolescence, lack of parental influences after the death of his parents, his traumatic brain injury after a severe car accident, PTSD from being shot multiple times, and general lack of a support system. N.T., Sentencing, 12/1/22, at 23-29.

Further, the trial court indicated that it had considered the PSI report prepared in advance of the sentencing hearing. "Where [PSI] reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa.Super. 2020) (quoting ***Commonwealth v. Devers***, 519 Pa. 88, 101-102, 546 A.2d 12, 18 (1988)). As such, we find the trial court properly exercised its discretion in evaluating the applicable mitigating factors for sentencing.

Next, Appellant claims that the trial court improperly factored into its sentencing determination the fact that the victim had alleged that Appellant had assaulted her and smashed her windshield with a broomstick, when

Appellant had never been criminally charged for these acts. This Court has held that a claim asserting that the trial court considered an impermissible sentencing factor raises a substantial question. *Commonwealth v. Blount*, 207 A.3d 925, 934 (Pa.Super. 2019) (citation omitted).

Although the trial judge referenced these factual circumstances at the sentencing hearing to explain the context and background of the case, she retracted her statement and clarified that Appellant would only be sentenced for the shooting.

> [Defense counsel:] So Judge, given [Appellant's] background, given his hope for his future, the wishes of the complaining witness as I represent them, I ask you to consider a significant departure here. Perhaps a short state sentence.
>
> [Trial court:] What do you mean by a short state sentence?
>
> [Defense counsel:] Judge, maybe 3 to 6 years. I think that would recognize the severity of the crime, but also give him --
>
> [Trial court:] He's a RFEL with a prior F1 Aggravated Assault with a gun. A prior Robbery with – I don't know if that had a PIC or not. F2 Robbery, so maybe not. And this is a conviction related to him, first trying to beat on this woman with a stick and then at a later point that same day, shooting at her.
>
> [Defense counsel:] You're right. The crime was very serious. It was a very serious situation and Your Honor did find my client guilty of several offenses. I don't – I don't know that he was found guilty of beating on her earlier that day.
>
> [Trial court:] No. I'm just saying that's the context and background of the case. I was here for the case. I remember the facts. I had my notes that I reviewed prior to the sentencing. The F1 was related to the shooting.
>
> [Defense counsel:] Exactly, Your Honor.
>
> [Trial court:] That was on video.

[Defense counsel:] There was more to that story, there were several impeachments. Your Honor did find, I raised the issue of the false in one, false in all instruction and Your Honor did say, I do have serious concerns about what really went on in the background here. I don't find everything about her to be credible but I do find her credible about the shooting.

[Trial court:] Okay. Even if I don't believe other things happened *– let's take away, for example, the stick situation earlier that day. Let's just talk about the shooting, which was on video,* which we all saw, is that not enough to convict of F1 Ag[gravated] Assault? I saw the shooting. That was on video.

N.T., Sentencing, 12/1/22, at 14-16 (emphasis added).

Our review of the trial court's commentary at sentencing reveals that trial court did not consider Appellant's use of a broomstick to destroy the victim's windshield as a part of its sentencing determination. As the trial court carefully considered all of the relevant evidence and sentencing factors in reaching her sentencing determination, we find that Appellant is not entitled to relief on this claim.

Lastly, Appellant claims that the trial court employed an incorrect offense gravity score (OGS) pursuant to the sentencing guidelines. "A claim that the sentencing court used an incorrect OGS is a challenge to the discretionary aspects of one's sentence." *Commonwealth v. Williams*, 151 A.3d 621, 625 (Pa.Super. 2016) (citing *Commonwealth v. Lamonda*, 52 A.3d 365, 370–371 (Pa.Super. 2012)).

We emphasize that "[t]o preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Verma*,

334 A.3d 941, 946 (Pa.Super. 2025) (quoting ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa.Super. 2006)). ***See also Williams,*** 151 A.3d at 626 (finding the appellant waived his challenge to the trial court's use of an incorrect OGS as the appellant did not raise it at sentencing or in his post-sentence motion).

Our review of the record shows that Appellant never preserved this sentencing claim challenging his OGS in a timely objection at sentencing or in a post-sentence motion. As a result, this claim is waived on appeal.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2026